## LAWSON vs. MOORE.

[APPEAL FROM ORDER OF CIRCUIT COURT SETTING ASIDE ITS JUDGMENT AT A
SUBSEQUENT TERM, AND GRANTING A NEW TRIAL.]

1. *Appeal; when does not lie.*—An appeal will not lie to this court, to revise and correct an order of the circuit court, made at a subsequent term, setting aside a judgment of said court, and granting a new trial. Such an order is not such a final judgment as will authorize an appeal to this court, and if an appeal be taken on such order, it will be dismissed by this court, at the costs of the appellant.

2. *Mandamus; remedy to avoid such order.*—The remedy to avoid such an order is to apply to this court for a *mandamus* to require the court, making such order, to set aside the same, and to re-instate the judgment so set aside, and to issue execution on the same.

APPEAL from the Circuit Court of Bullock.
Tried before Hon. J. McCALEB WILEY.

The facts appear in the opinion.

RICE, SEMPLE & GOLDTHWAITE, for appellant.
J. N. ARRINGTON, *contra.*

PECK, C. J.—On the first day of January, in the year 1863, the appellee purchased of appellant certain lands, for four thousand dollars, and gave his note for the purchase-money, payable on the first day of January, 1864.

On the 8th day of January, 1866, the parties compromised this note, and the appellee gave his note to the appellant for the sum of two thousand, six hundred and sixty-six 67-100 dollars, payable one day after date, with interest from the said first day of January, 1864. This note is payable in specie, or its equivalent.

At the fall term of the circuit court of Bullock county, in the year 1868, the appellant recovered a judgment against the appellee for the sum of three hundred and thirteen dollars and thirty-three cents on this note.

At a special term of the circuit court of said county, held on the first day of February, 1869, said court, on the

motion of appellee, set aside said judgment and granted a new trial.

The appellant excepted to the ruling of said court, setting aside said judgment and granting a new trial, and his bill of exceptions, setting out the evidence on said motion, was signed and sealed by the presiding judge and made a part of the record. This bill of exceptions sets out the matters here stated, and other evidence not necessary to be here mentioned.

The appellant appealed from this order and judgment of said court setting said judgment aside and granting a new trial, and here assigns the same for error.

This appeal must be dismissed, because the said order granting a new trial, &c., is not such a final judgment as will authorize an appeal to this court.

At the last term, the appellant made an application to this court, founded on the transcript certified to this court on said appeal, for a *mandamus* to the circuit court, to compel said court to vacate and set aside the said order granting a new trial, &c. Said application has been held under advisement until this time. We presume the new trial, in this case, was granted under the first section of ordinance No. 38, of the convention of 1867. At the time said new trial was granted, that section of said ordinance had not been before this court for consideration. At the last term, we had occasion, and it became necessary, to consider and determine the constitutionality of said section, in the case of *Roach, Adm'r, v. Gunter.* In that case, we declared said section unconstitutional and void, because it impaired the obligation of contracts.

This section, then, gave the circuit court no jurisdiction or power to set aside the said judgment and grant a new trial, after the final adjournment of the term of the court at which the said judgment was rendered. By the common law, after the final adjournment of a court, it ceases to have any power over its judgments, except to correct clerical errors and misprisions, where enough appears on the record to do so.— *Van Dyke v. The State,* 22 Ala. 54. We have decided the same question in the same way, in *Weaver*

*v. Lapsley*, at the January term, 1869, and in several other cases since that time.

The circuit court, therefore, unadvisedly granted a new trial in this case; and the remedy to correct this error is not by appeal, because the order granting said new trial is not such a final judgment as will warrant an appeal to this court. The only remedy is an application to this court for a *mandamus* to have the said order vacated and set aside, and to re-instate said judgment and issue execution on the same.

Let an order *nisi*, in the nature of an alternative *mandamus*, issue in this case, directed to the court of Bullock county, to be served on the presiding judge of said court, commanding said court to set aside and vacate the said order granting a new trial in this case, and to re-instate the judgment, and to issue execution on the same, or that said judge show cause, at the next term, on the motion day of the division to which said county of Bullock belongs, why he has not done so.

Further, let the appeal be dismissed, at the costs of the appellant.