CLUNE, Appellant, vs. GILSON and wife, Respondents.

*January 8 — January 28, 1890.*

*Fraudulent conveyance: Husband and wife.*

The evidence in this case is *held* to sustain a verdict to the effect that
land conveyed by a husband to his wife had been purchased orig-
inally with her money and with the understanding that it should
be conveyed to her, and that the conveyance was not fraudulent
as to the husband's creditors.

APPEAL from the Circuit Court for *Brown* County.
Ejectment.   The land in question was conveyed by the
owner thereof to one Chas. H. Severance in July, 1872.   On
January 12, 1874, he conveyed the land to his wife.   After-
wards, on March 31, 1875, she executed a quitclaim deed

thereof back to her husband, and both then united in a conveyance to the defendant *Franklin Gilson*, and *Franklin Gilson* and his wife then conveyed the land again to Mrs. Severance. The three conveyances last mentioned were all executed on the same day, and were duly recorded within a week thereafter. On June 10, 1875, Mrs. Severance conveyed the land to the defendant *Sarah J. Gilson.*

The plaintiff claims the land by virtue of sales thereof to him under an execution issued on a judgment in an action against the said Chas. H. Severance, in which the land was attached May 14, 1875. He claims that the deeds by which the land was conveyed from Severance to his wife and from Mrs. Severance to *Mrs. Gilson* were fraudulent as against creditors of Severance. The defendants claim that the land was bought by Severance in 1872 with money furnished by his wife, and with the understanding that it should be conveyed to her.

The evidence given on the trial, and the instructions to the jury, will sufficiently appear from the opinion. There was a verdict for the defendants, and from the judgment entered thereon the plaintiff appeals.

For the appellant there were briefs by *E. H. Ellis & Merrill*, and oral argument by *Mr. Ellis.*

For the respondents there was a brief by *Huntington & Cady*, and oral argument by *F. C. Cady.*

COLE, C. J. Without passing upon the question as to the sufficiency of the service of the writ of attachment in *Clune v. Severance*, for the purposes of the case we shall assume that it was good, and that the plaintiff acquired by the sheriff's deed whatever interest Severance had in the land in controversy when the attachment was made. At that time it appears that the title of record was in the wife, Mrs. Severance, and not in the judgment debtor; for the several deeds which passed the title to her from her husband

were executed prior to the attachment, and, unless they are fraudulent as to the creditors of the husband, the plaintiff must fail in the action. It cannot well be denied that if the wife had a separate estate, and she delivered her money to her husband, not by way of gift, but as a loan or with the understanding that he should purchase this land for her or with her money and convey it to her, and the convey-ance was made pursuant to the agreement or understand-ing, the conveyance would be valid as against his creditors, unless it could be impeached for fraud or on some other ground. Such a conveyance could not be said to be merely voluntary, but would be supported by a valuable consider-ation and a strong equity in her favor. Neither can it be successfully denied that there is much evidence tending to support the defendants' contention that the land was never in equity the husband's property, although the legal title was in his name until January, 1874, but that it was purchased with her money, and that the understanding between her and her husband was that she should have the title, and the title was subsequently conveyed to her in pursuance of this understanding. There was testimony which tended to prove these facts, and it is clear that, under the charge of the trial court, the jury must have found these facts fully established by the evidence. The issue was fairly made, and the ques-tion was fairly submitted, upon a clear, discriminating charge, which is not obnoxious to any just criticism.

It seems to us there can be no difference of opinion as to the law of the case, if it be conceded that Mrs. Severance delivered money which was her separate estate to her hus-band to buy lands, and he promised to have the title con-veyed to her. She then, by the deeds subsequently made, received what was really hers in equity, and the transaction was lawful, though, as the circuit judge observed, the result of the transfer might be to put the property beyond the reach of the husband's creditors. This idea is so clearly

presented in various portions of the charge that the jury could not have been in doubt as to the law applicable to the evidence they were to consider; as the learned circuit judge said to them on this branch of the case that the contention of the defendants was that the property was really Mrs. Severance's; had been bought with her money, which she allowed her husband to use; and that it was conveyed to her pursuant to an agreement and understanding that it should be so conveyed. The judge then instructed, in substance, that if this contention was sustained by the proof, and the jury were satisfied that the property was bought with her money, and the understanding was that she should have the title, and the conveyance was made pursuant to such understanding and to vest in her the title to what was really hers, it was a lawful transaction, and the fact that one result was to put the property where the plaintiff and other creditors of Severance could not obtain a lien upon it would not make it fraudulent.

There is no room to doubt but the jury found that Mrs. Severance had a separate estate; that she had money which she did not give to her husband to use as his own, but loaned it to him with the understanding he should repay it or invest it for her benefit in this land. As we have said, there was evidence going to sustain such a contention, and the jury must have found that it was in accord with the facts established. We shall go into no discussion of the evidence, as it would not serve any useful purpose to do so. Its credibility and effect were proper matters for the jury to consider. In finding for the defendants, they must have affirmed the existence of the facts above stated. That there was testimony which warranted such a finding does not admit of any discussion.

The learned counsel for the plaintiff makes some criticisms upon the charge, and excepted to certain portions of it. The criticisms, we think, are not well founded. If the

whole charge is considered together, nothing will be found in it of which the plaintiff can complain. The charge is not confined to the question we have considered, but also instructs as to other matters; but it is fair and clear, and covers all the questions involved. On the question whether the conveyances to Mrs. Severance were made for the purpose of defrauding the husband's creditors, the charge is explicit and clear. It was impossible for the jury to have been misled as to what would render these conveyances fraudulent; for the jury were instructed that, if the land was in fact the property of Mr. Severance, bought with his own means, and had been conveyed to his wife with the intent to put it beyond the reach of his creditors, then the conveyances were void as to them. Prominence and emphasis are given to this idea in several portions of the charge. The jury must have found either that there was no fraud in the conveyance, or, which is more probable, were satisfied from the evidence, that the land equitably belonged to Mrs. Severance, and that it was conveyed so as to vest in her the legal title of her own property. We perceive no error in the charge so far as it relates to the question whether the conveyance was, as to creditors of the husband, fraudulent and void. The verbal criticisms made by plaintiff's counsel upon some expressions are without force, when the entire charge is considered.

Before and during his argument to the court and jury, the plaintiff's counsel contended, upon the testimony given on the trial, that if Mrs. Severance permitted her husband to purchase the land in question, and to take a deed thereof in his name, and to act and hold himself out as the owner of the land in question, and to contract the debt to the plaintiff on the strength of said ownership of said land, she thereby became estopped from asserting, as against him, that the land was hers and not her husband's; also that, under those circumstances, the plaintiff had the right to

rely upon Mr. Severance's title to the land, and to attach it for his debt, and especially so if the evidence proved that Mr. Severance fraudulently conveyed the land to his wife to prevent the plaintiff from collecting his claim; and if this purpose was either known to her, or if she had reason to believe that the conveyance to her was fraudulent as against the plaintiff, and if she and her grantees, including the defendants in this action, knew of Mr. Severance's ownership by deed in his name, and had reason to believe that, when the deed or deeds of Mr. Severance to his wife were made, Mr. Severance was indebted to the plaintiff, and conveyed the land to his wife to prevent the plaintiff from realizing his claim, they were all in like manner estopped from asserting any claim to the land as against the rights of the plaintiff as attaching creditor; and the plaintiff's counsel, during his said argument, cited authorities in support of his contention for said estoppels, and asked the court to instruct the jury in accordance with such contention. As we have said, the question as to whether or not the conveyance to the wife was fraudulent as to creditors was fully submitted. No distinct instruction was asked as to what facts or acts would estop Mrs. Severance from claiming the land as against the plaintiff, as there should have been to raise the question for review. We therefore do not think that the question whether Mrs. Severance was estopped from claiming the land because she permitted her husband to hold the legal title for a time is properly before us. But, if it were, we think it would be difficult to sustain the position that she was thus estopped by the facts and circumstances disclosed by the record. We shall, however, not discuss the question.

These remarks dispose of all the questions in the case we deem it necessary to notice, and the judgment of the circuit court is affirmed.

*By the Court.*— Judgment affirmed.