### SALMON v. MILLS et al. (CONDON, Interpleader).

(Circuit Court of Appeals, Eighth Circuit. January 25, 1895.)

#### No. 545.

1. WRIT OF ERROR—WHAT ORDERS REVIEWABLE—ATTACHMENT.

S. brought an action against M., and sued out an attachment, which was levied on property alleged to belong to M. C. filed an interplea, pursuant to the local practice, claiming such property. Judgment was entered in the action in favor of S., but accompanied by an order holding the attachment proceedings open, and reserving the issue on the interplea for trial. An order was afterwards made dissolving the attachment. Held, that such order, which determined the rightfulness of the attachment, the only issue between the plaintiff and defendant remaining after the judgment, was a final order, and subject to review as such by the circuit court of appeals.

2. SAME—JUDGMENT.

A judgment was also entered in favor of the interpleader against the plaintiff on the issue raised by the interplea. Held, that such judgment was final, and subject to review as such by the circuit court of appeals.

In Error to the United States Court in the Indian Territory. On motion to dismiss writ of error.

Nelson Case, for the motion.

George E. Nelson, opposed.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. A motion is made to dismiss the writ of error to review the order dissolving the attachment in this case, on the ground that the court has no jurisdiction, because the order appealed from was not a final decision. The plaintiff, Salmon, brought an action May 2, 1889, against the defendants,

Abraham Mills and Jackson Mills, and on May 24, 1890, recovered a final judgment against the defendants for the amount claimed. Prior to the entry of this judgment the plaintiff had caused an attachment to be levied on certain property, which he claimed to be the property of the defendants, and C. M. Condon had filed an interplea, in which he claimed to be the owner of the property. When the final judgment against the defendants was rendered an order was made holding the attachment proceedings open for any appropriate action, and reserving the issue on the interplea for trial. An order was subsequently made dissolving the attachment, and then a judgment was rendered in favor of the interpleader. After the final judgment was rendered against the defendants, the only issue undetermined between plaintiff and defendants was whether or not the plaintiff had rightfully sued out his attachment, and had thereby obtained a lien on the attached property to secure the payment of the judgment. The order dissolving the attachment finally determined this question, and left no issue for adjudication between these parties. The act creating the circuit courts of appeals provides:

"That the circuit courts of appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the district court and the existing circuit courts in all cases other than those provided for in the preceding section of this act unless otherwise provided by law." 26 Stat. c. 517, § 6; Supp. Rev. St. p. 903, § 6.

In Standley v. Roberts, 59 Fed. 836, 839, 8 C. C. A. 305, this court held that:

"An order, judgment, or decree which leaves the rights of the parties to the suit affected by it undetermined,—one which does not substantially and completely determine the rights of the parties affected by it in that suit,—is not reviewable here until a final decision is rendered, nor is an order retaining or dismissing parties defendant, who are charged to be jointly liable to the complainant in the suit, appealable. U. S. v. Girault, 11 How. 22, 32; Hohorst v. Packet Co., 148 U. S. 263, 13 Sup. Ct. 590. But a final decision which completely determines the rights, in the suit in which it is rendered, of some of the parties who are not claimed to be jointly liable with those against whom the suit is retained, and a final decision which completely determines a collateral matter distinct from the general subject of litigation, and finally settles that controversy, is subject to review in this court by appeal or writ of error."

Withenbury v. U. S., 5 Wall. 819; Williams v. Morgan, 111 U. S. 684, 4 Sup. Ct. 638; Hill v. Railroad Co., 140 U. S. 52, 11 Sup. Ct. 690; Central Trust Co. v. Marietta & N. G. Ry. Co., 2 U. S. App. 1, 1 C. C. A. 116, 48 Fed. 850; Grant v. Railroad Co., 2 U. S. App. 182, 1 C. C. A. 681, 50 Fed. 795; Forgay v. Conrad, 6 How. 201, 204; Bronson v. Railroad Co., 2 Black, 524, 529; Thomson v. Dear, 7 Wall. 342, 345; Trustees v. Greenough, 105 U. S. 527; Potter v. Beal, 5 U. S. App. 49, 2 C. C. A. 60, 50 Fed. 860.

The issue between the plaintiff and the interpleader was a collateral issue, distinct from the subject of litigation between the plaintiff and the defendants. After the judgment in favor of the plaintiff and against the defendants had been rendered, the order dissolving the attachment upon the property finally determined the only issue remaining between the plaintiff and the defendants

under the statutes of Arkansas in force in the Indian Territory (Mansf. Dig. c. 9, §§ 377, 394); and it is not improbable that this was the only material issue that ever arose between the plaintiff and the defendants,—the issue that determined whether the plaintiff should have a lien upon any property by means of which he could have satisfaction of his debt. In our opinion, this was clearly a final decision, within the rule established in Standley v. Roberts, supra, and was subject to review in this court. The motion to dismiss the writ of error to review the order dissolving the at-tachment is denied. The judgment in favor of the interpleader and against the plaintiff, to the effect that the interpleader was the owner of the property, is clearly a final judgment on an issue squarely made by the pleadings between the plaintiff and the interpleader under the Arkansas statutes to which we have referred, and the motion to dismiss the writ of error to review that judgment must also be denied.