CARMICHAEL et al. v. CITY OF TEXARKANA, ARK., et al.

(Circuit Court of Appeals, Eighth Circuit. July 7, 1902.)

No. 1,626.

1. APPEAL—FINAL DECISION.

An order or decree which retains or dismisses defendants, who are charged to be jointly liable with other defendants in the suit, is not a final decision, and is not appealable, because it does not dispose of the whole case.

2. MUNICIPAL CORPORATIONS—NEGLIGENCE—ACTION—PARTIES.

The inhabitants of a city, who invoke its power to construct, and who, after its completion, use, a local improvement,—a main sewer,—which the city had the right to construct, are improperly joined with the city in a suit for damages and an injunction on account of the effects of its negligence in constructing and operating the sewer.

3. SAME—LIABILITY OF CITIZENS FOR NEGLIGENCE OF.

The inhabitants of a city, who call upon it to construct and care for a local improvement,—such as a sewer, a water main, a street,—which it has the legal authority to construct and to control, and who use the improvement after its completion for the purpose and in the way prescribed by law, are not liable jointly with the city for the damages which result to third parties for the negligence of the city in the construction, management, or operation of the betterment.

4. SAME.

The test of liability for the acts of another is the power to command or control the manner of the performance of those acts. Citizens who request the construction of, and use, public improvements are not liable for the negligence of the city in their construction or operation, because they have no command or control over the manner of the construction or management thereof.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Western District of Arkansas.

See 94 Fed. 561.

F. M. Henry, for appellants.

W. H. Arnold, for appellees.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge. This is an appeal from a decree rendered on May 22, 1901, which dismissed the amended bill of the complainants. The appellees, F. W. Mullins, P. J. Ahern, R. J. O'Dwyer, Q. O. Turner, W. J. Buhrman, J. W. Harris, and R. A. Munson, have made a motion to dismiss the appeal so far as they are concerned, because on December 8, 1899, a decree was rendered herein which sustained their separate demurrers to the amended bill, and dismissed them from the case, while the suit remained pending against the defendant the city of Texarkana until, after answer and replication, the decree which finally dismissed the bill as against the city was rendered on May 22, 1901. The amended bill charged the city of Texarkana and the de-

¶ 1. What decrees are final, see note to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379.

See Appeal and Error, vol. 2, Cent. Dig. §§ 484–487.

fendants, who demurred to it, with creating and maintaining a cesspool and fouling the waters of a stream by means of an open sewer, which poured its contents into a brook whose pure water had previously flowed by the lands and houses of the complainants; and its prayer was for a decree against all the defendants for the damages which the complainants alleged that they had sustained, and for an injunction restraining them from maintaining the sewer. The demurrers of the defendants who present this motion to dismiss were sustained, on the ground that they were improperly joined with the city in the suit, and that the bill was multifarious. Thereupon a decree was rendered on December 8, 1899, dismissing them from the case. No appeal was taken from that decree. If that was a final decree, this motion must be granted. If it was an interlocutory decree, it must be denied.

The act creating the circuit courts of appeals provides:

"That the circuit courts of appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decisions in the district court and the existing circuit courts in all cases other than those provided for in the preceding section of this act unless otherwise provided by law."

26 Stat. c. 517, § 6, Supp. Rev. St. p. 903, § 6.

No jurisdiction, except in the cases of orders granting or continuing injunctions or appointing receivers, is given to this court to review any order, judgment, or decree made in the progress of the case which does not embody a final decision.

In Standley v. Roberts, 59 Fed. 836, 839, 8 C. C. A. 305, 308, this court said:

"A case cannot be brought to this court piecemeal. An order, judgment, or decree which leaves the rights of the parties to the suit affected by it undetermined—one which does not substantially and completely determine the rights of the parties affected by it in that suit—is not reviewable here until a final decision is rendered, nor is an order retaining or dismissing parties defendant, who are charged to be jointly liable to the complainant in the suit, appealable. U. S. v. Girault, 11 How. 22, 32, 13 L. Ed. 587; Hohorst v. Packet Co., 148 U. S. 262, 263, 13 Sup. Ct. 590, 37 L. Ed. 443." Salmon v. Mills, 66 Fed. 32, 13 C. C. A. 372.

In Mendenhall v. Hall, 134 U. S. 559, 563, 567, 568, 10 Sup. Ct. 616, 33 L. Ed. 1012, Mendenhall, a mortgagee, brought a bill in equity against Clark N. Hall, the mortgagor, and Charles F. Hall, the owner of a tax title on the mortgaged property, to subject it to the lien of and to foreclose the mortgage. He alleged in his bill that Charles F. Hall had procured the tax title by collusion with his brother, Clark N. Hall, for the purpose of defeating his claim under the mortgage. Charles F. Hall demurred to the bill for multifariousness. His demurrer was sustained, and a decree was entered on May 12, 1885, which dismissed the bill as to him. Clark N. Hall answered. A replication was filed, and after a final hearing a decree was rendered on April 14, 1886, to the effect that the complainant's demand for the recognition of his mortgage be rejected, but that he have judgment against Clark N. Hall for the amount of the mortgage debt. The complainant appealed from this decree. Charles F. Hall had not been served with notice of the appeal during his lifetime, and it was not until January 13, 1890, that a citation was served on his ad-

ministratrix and widow. She objected to a review of the decree dismissing her former husband from the suit, on the ground that the judgment in his favor had become res adjudicata by the expiration of the time within which an appeal might have been taken, and that the supreme court was without jurisdiction of the case as to him. The answer of the court was:

"The appeal brings before us not only the final decree of 1886, but that of 1885, sustaining the demurrer and plea of Charles F. Hall, and dismissing the suit as to him. It was not necessary to take an appeal from the latter order until after the whole case was determined in the court below."

In Bank v. Smith, 156 U. S. 330, 333, 15 Sup. Ct. 358, 39 L. Ed. 441, a creditors' bill was brought by the bank against its debtor, D. R. Smith, a judgment creditor, Daniel C. Stelling, and several other parties, to subject certain land to the lien of the bank's judgment. Stelling demurred, and his demurrer was sustained. The complainant was allowed an appeal from the judgment sustaining this demurrer and dismissing the bill as to Stelling. Upon the presentation of the case in the supreme court, that court said:

"A decree, to be final for the purposes of appeal, must leave the case in such a condition that if there be an affirmance in this court, the court below will have nothing to do but execute the decree it has already entered. Dainese v. Kendall, 119 U. S. 53, 7 Sup. Ct. 65, 30 L. Ed. 305. * * * It may be that if the order of the circuit court were affirmed, appellant would abandon further effort against the other defendants, while it is clear enough that if the order were reversed, the case would be proceeded in against them all. * * * As the order upon the demurrer did not dispose of the whole case, the decree is not final, and we cannot entertain jurisdiction. Appeal dismissed."

In U. S. v. Girault, 11 How. 22, 32, 13 L. Ed. 587, which was a writ of error to review a judgment in favor of some of the defendants in an action on a bond, while the suit was undisposed of as to one defendant, the writ of error was dismissed for want of jurisdiction, because the judgment was not final, in that it did not dispose of the whole case. In Holcombe v. McKusick, 20 How. 552, 554, 15 L. Ed. 1020, may be found this declaration:

"It is the settled practice of this court, and the same in the king's bench in England, that the writ will not lie until the whole of the matters in controversy in the suit are disposed of. The writ itself is conditional, and does not authorize the court below to send up the case, unless all the matters between the parties to the record have been determined."

In Hohorst v. Packet Co., 148 U. S. 262, 264, 13 Sup. Ct. 590, 37 L. Ed. 443, a bill in equity was brought against the packet company and other defendants, which, as it was amended, charged the defendants with jointly infringing a patent. The service of the subpœna on the packet company was set aside, and the bill was dismissed as to that corporation, while it remained pending as to the other defendants. The complainant appealed, and the appeal was dismissed because the whole case was not disposed of by the decree.

The decree which sustained the demurrers of the appellees who make this motion, and dismissed them from this suit, left this case pending and undetermined between the complainants and the city of Texarkana. It did not dispose of the whole case. The complain-

ants charged that these defendants were jointly liable with the city for the damages which they set forth, and to the injunction which they sought, and the authorities to which reference has been made conclusively establish the rule that an order or decree which retains or dismisses parties defendant who are charged to be jointly liable to the complainant with other defendants in the suit is not a final decision, and cannot be reviewed in this court, because it does not dispose of the whole case. The decree of May 22, 1901, was, therefore, the only final decision or decree in the case in hand. The appeal from that decree presents all previous orders, decisions, and proceedings in the case, including the decree of December 8, 1899, for review here, and the motion to dismiss it as to the demurrants must be denied.

The demurrants, who were dismissed from this case by the decree of 1899, were inhabitants of the city of Texarkana, who were sued jointly with that city for constructing and operating therein a sewer, which caused a continuing nuisance, to the injury of the complainants. Their demurrers were sustained on the grounds that they were improperly joined with the city, and that the bill was multifarious, and the only question presented in this case is the soundness of this ruling. In their amended bill the complainants allege that these demurrants and other citizens of Texarkana invoked the powers of that city to construct a sewer system for the benefit of its inhabitants; that they agreed with the city that they would occupy and use the sewer plant with their sinks and privies for the purpose of removing all the filth and putrid matter from their respective premises; that the city of Texarkana constructed a sewer system in consideration of this agreement; that in its construction the city was guilty of gross negligence, in that it so built a large main sewer that its open mouth was left several feet above, and poured its contents into, a brook of pure water, which flowed thence past the premises of the complainants; that the demurrants, acting together and in concert, the one with the other, at the same time, in a common design, have performed their agreement; that they have connected their dwellings and business houses with this main sewer, have used, occupied, and operated it by authority of, under, and from the city, to carry all the sewage collected from all their privies and sinks in and through this open sewer to the brook, have thereby created and maintained a nuisance, to the damage of the complainants; that they are still doing so; that they have done this with knowledge of its effect upon the complainants and their property; and that they insist that they have a right and threaten to continue so to do.

The statutes of the state of Arkansas authorized the city of Texarkana to grade or otherwise improve its streets, to construct sewers, and to make other local improvements of a public nature, upon the presentation of proper petitions of the owners of real property to be affected thereby to the city council and the boards of improvement appointed by the council, and they empowered the board of health of that city to compel the owners of property to connect their premises with convenient sewers after they were constructed. The amended bill of the complainants must be read in the light of this legislation. When so read, its averments amount to this, and nothing more: that

the demurrants and the other citizens of Texarkana invoked the powers of that city to construct a sewer system, and agreed to use it; that the city built the system so carelessly that one of its main sewers polluted the waters of the brook, to the damage of the complainants; and that the demurrants have used, and are using, this sewer to conduct the sewage away from their respective premises. The question it presents is: Are the inhabitants of a city, who invoke its powers to construct a public improvement, and who use this betterment when it is completed, liable jointly with the city for the latter's unsafe, unskillful, or negligent construction or operation of it? The books have been searched in vain for an affirmative answer to this question. The liability of a municipal corporation to an injunction and to damages at the suit of any party who suffers continuing legal injury from the unsafe, unskillful, or careless construction and operation of a local improvement, which it has the authority to make and to operate in a proper manner, is conclusively established in the careful and exhaustive opinion of the circuit court in this case, and that liability is not·questioned in this court. Carmichael v. City of Texarkana (C. C.) 94 Fed. 561, 572; Seifert v. City of Brooklyn, 101 N. Y. 136, 143, 4 ·N. E. 321, 54 Am. Rep. 664. The general rule that persons who either by their joint or by their several acts or omissions create or maintain a nuisance, such as the obstruction of a way or the pollution of a stream, are jointly and severally liable for such damages as are the direct and probable consequences of the nuisance is conceded. Simmons v. Everson, 124 N. Y. 319, 323, 26·N. E. 911, 21 Am. St. Rep. 676; Thorpe v. Brumfitt, 8 Ch. App. 656; Blair v. Deakin, 57 Law T. (N. S.) 522; Irvine v. Wood, 51 N. Y. 224, 10 Am. Rep. 603; Rogers v. Stewart, 5 Vt. 215, 26 Am. Dec. 296.

Counsel for appellants rely upon this proposition, but its applicability to the facts of this case is not perceived. The demurrants petitioned their city for a sewer system, agreed to use, and have used, it. The injuries which the complainants suffer were not the natural, direct, or probable consequence of these acts. If they had taken their own sewage to the creek, and poured it into its waters above the premises of the complainants, they would undoubtedly have fallen under the rule, and would have been liable for any injury which the appellants suffered from their acts. On the other hand, if they had made an agreement with an independent contractor for a stipulated annual compensation to remove all their sewage from their premises to a place where, and in a manner in which, it could do no unnecessary injury to any one, and their contractor had carelessly deposited it on the complainants' land, or in the stream above their property, the demurrants would not have been liable for these wrongful acts of their contractor. Their relation to the city and to its negligence is not of a different character. They had no right or authority to construct or operate a sewer system in the city of Texarkana, nor had they any control over the manner of its construction, modification, repair, or operation. All this control was vested by the laws in the municipality. Nevertheless, the statutes gave them the right to have the sewage from their premises removed by means of a sewer system constructed and operated by their city. If that system were lawfully, skillfully,

and carefully built and operated, it would entail no injury upon the complainants, or upon any other parties. The law vested the power in, and imposed the duty upon, the city of Texarkana, and upon that city alone, to construct and operate such a system within the bounds of that municipality, and required it to do so in such a manner that no unnecessary injury would be inflicted upon any one. It expressly authorized the demurrants and the other inhabitants of that city to invoke, by proper petitions, the power of the municipality to build and operate such a system, gave them the right to the use of it for the removal of their sewage, and imposed upon them taxes and assessments to pay for its construction and operation. It was such a system of sewerage—a system lawfully and carefully constructed—that they called upon their city to build and operate, and for which they have become liable to pay taxes and assessments. If the city had constructed and operated such a system as it was its legal duty to build, the complainants would not have been injured, and no one would have been liable for any damages whatever. The demurrants never requested or authorized the city to inflict injury upon the complainants, or to be guilty of negligence or lack of skill in the discharge of its duty. They invoked its power to construct a lawful system in a lawful manner. The city has constructed and is operating one of its main sewers so unskillfully and negligently that it conducts the sewage, which the demurrants have the undoubted right to pour into it, under the statutes and under their implied contract with the city that the latter will lead away this sewage without injury to others, into the brook above the complainants' property, to their serious injury. But the demurrants had no control over the manner of this construction. They have no right to change the sewer, no direction of its operation, and, since they have no control over its construction, operation, or repair, they cannot be liable jointly with the city for the wrongful acts of which it alone was guilty, and which it alone had the power to do or to refrain from doing. The power of control is the test of liability. If one has no power to command or direct another in the performance of an act charged, he cannot be liable for the manner in which it is done, either alone or jointly with the actor. Brady v. Railway Co. (C. C. A.) 114 Fed. 100, 107; Atwood v. Railway Co. (C. C.) 72 Fed. 447, 454, 455.

The result that these citizens are not liable for damages resulting from negligence in the construction or operation of this sewer is neither unique nor unprecedented. It rests on a rational principle of law, which is of general, if not of universal, application. The owners of property in a city, who invoke its power to grade a street or to build a sidewalk, and to keep them in repair, are not jointly liable with the municipality for the damages which result to third persons from the negligence of the city in the construction or care of the street or of the sidewalk because they requested its construction, and have constantly used it since it was built. The inhabitants of a municipality, who invoke its power to construct waterworks, or to extend its water mains, and who constantly draw water from them for domestic or manufacturing purposes, are not jointly liable with the city for damages to others which result from its negligence in the construction or opera-

tion of its mains. Indeed, the inhabitants of a city, who call upon it to construct and care for a local improvement, which it has the legal power to build and to control, and who use the improvement, when completed, for the purpose and in the way prescribed by the law, are not liable jointly with the city for the damages which result to third parties from the negligence of the city in the construction, management, or operation of the betterment.

The same considerations which exempt the demurrants from liability with the city for its negligence constitute them improper parties to this suit for an injunction. It is not their acts in depositing their sewage in the conduit which the city has provided for them that are the proximate cause of the continuing injury to the complainants. It is the negligence of the city in the construction and control of the main sewer, which it was the duty of the city to so construct and operate that no nuisance would be created. The demurrants have the right to rely upon the discharge of its duty by the city, and to deposit their sewage in the conduit which it was the duty of the city to provide for its removal, in consideration of the taxes and assessments for which they made themselves liable when they invoked its power. They were improperly joined in this suit, not only because they were not jointly liable in damages with the city, but also because their acts were not the proximate cause of the nuisance and the continuing trespass, and the complainants had no cause of action against them. There was no error in the ruling of the court sustaining their demurrers, and dismissing them from this suit.

This conclusion has not been reached without a careful consideration of the broad averments in the bill that the demurrants and the city, acting together in concert at the same time, have, by means of the open sewer and its use, created and maintained this nuisance, and that they have not ceased to do so. If these allegations stood alone, they would undoubtedly charge these citizens with liability; but they are accompanied with averments that the demurrants invoked the power of the city to construct the sewer, that the city was guilty of gross negligence in building it, and that the demurrants had used, occupied, and operated it "by authority of, under, and from the city." When all these statements are read together with the statutes which vest the right to construct, to change, to repair, and to control this sewer exclusively in the city, there is no escape from the conclusion that the acts and omissions of the city, and not those of the citizens, constituted the proximate cause of the injury to the complainants, and that the inhabitants who requested the construction and operation of the improvement are not liable for those acts and omissions, because they had no power to command or control the city in their performance.

The case presents no other question. When it came to final hearing between the complainants and the city, the answer of the latter denied that any nuisance had ever been created or maintained by the construction or operation of the sewer, denied that the complainants had suffered any inconvenience or injury on account of it,—in short, denied all the equities of the bill. No evidence was produced by the

complainants to support their averments, and the court rendered a decision against them. When all the material allegations of the bill are denied by the answer, there can be no decree for the complainants without proof of their averments. The decree below is affirmed.