Muskogee Land Co. v. Blackburn *et al.*

No. 730, Ind. T.   Opinion Filed April 14, 1908.

(95 Pac. 252.)

**APPEAL—Remand—Assessment of Damages—Procedure.**   A writ of error would not lie to the United States Court of Appeals in the Indian Territory to revise and correct an order of the district court setting aside a judgment of said court and granting a new trial, although the court incorporated therein as reason therefor that it considered it to be without jurisdiction to assess damages in said matter, the sureties not having their day in court in such ex-parte proceeding, and that the plaintiff further had its remedy by suit on the bond.

(Syllabus by the Court.)

*Error to the United States Court for the Western District of the Indian Territory, at Wagoner; before Louis Sulzbarger, Judge.*

Action by the Muskogee Land Company against Priscilla Blackburn and others. Verdict for plaintiff. From an order granting a new trial, plaintiff brings error. Dismissed.

On the 9th day of March, 1906, upon motion of the Muskogee Land Company, as plaintiff, the mandate of the United States Court of Appeals for the Indian Territory in a certain cause entitled Muskogee Land Company, plaintiff, v. Priscilla Blackburn *et al.*, defendants, being a suit in ejectment and for use and occupation, was ordered spread upon the record. Thereafter, on the 13th day of March, 1906, the plaintiff moved for judgment on said mandate for the amount of the original judgment and costs against the defendants and their sureties on their appeal bonds, and judgment was accordingly rendered in favor of said plaintiff for the possession of the land sued for in said action, and also against said defendants and their sureties in the sum of $192, as and for plaintiff's damages sustained up to the time of the rendition of the original judgment, together with all of its costs laid out and expended, etc. Thereafter the plaintiff moved that a jury be impaneled to assess the damages for the rental value of the premises of which the plaintiff had been kept out of possession pending the appeal, and for judgment therefor against the defendants and their sureties on the supersedeas bond. And thereafter a jury was impaneled, and returned the following verdict:

"We, the jury, find the rental value of the land in controversy in this suit, and which the plaintiff has been kept out of possession for the years 1904 and 1905, by reason of the appeal of this case, to be as follows: For the cultivated land $2,010, and for the grass land $527, making a total rental of the premises for the years 1904 and 1905 the sum of $2,537."

Afterwards, on the 14th day of March, 1906, the defendants therein filed their motion for a new trial; and thereafter, on the 16th day of March, 1906, the same was heard, and it was ordered by the court that the verdict rendered by the jury be set aside, because "the court believes it is without jurisdiction to assess the

damages, and because they have not had their day in court by this *ex parte* proceeding, and that plaintiff had its remedy by suit on the bond, but the setting aside the verdict of the jury in assessing the damages incurred by the plaintiff pending the appeal does not and shall not in any manner affect the judgment rendered in pursuance to the mandate of the Court of Appeals of the original judgment and costs." To the sustaining of said motion and the setting aside of said verdict for the reason that the court was without jurisdiction to assess damages in that manner the plaintiff by its counsel then and there excepted and asked 30 days within which to prepare and file its bill of exceptions from the judgment of said court on appeal to the United States Court of Appeals in the Indian Territory. Thereafter in due time the same was properly prepared, signed, and filed. The language of the *supersedeas* bond is in *haec verba*:

"Whereas the appellants Priscilla Blackburn, James Hinshaw, and S. G. Swenson are about to take an appeal from the judgment of the United States Court for the Western District of Indian Territory, rendered at its March, 1904, term at Wagoner, against them, and in favor of the appellee, Muskogee Land Co., for the sum of $192, with costs, and the appellants desire to supersede said judgment, now National Surety Company of New York, N. Y., surety, hereby covenants with the said appellee that the said appellants will pay to the appellee all costs and damages that may be adjudged against the appellant on the appeal, and also that it will satisfy and perform said judgment in case it shall be affirmed, and any judgment or order which the United States Court of Appeals for Indian Territory may render, or order to be rendered by the inferior court, not exceeding in amount of value the judgment aforesaid, and also pay all rents or damages which, under the pendency of the appeal, may accrue on any part of the property which the appellee is kept out of possession by reason of an appeal."

No notice was ever served upon the sureties of the intended action to have a jury impaneled to assess the damages. The motion to set aside the verdict embraces several grounds; but it is not necessary to set same out to determine this case.

*Raymond, Maxey & Runyan*, for plaintiff in error.

*C. E. Castle* and *Baker, Pursel & Haskell*, for defendants in error.

WILLIAMS, C. J. (after stating the facts as above). The jurisdiction of this court, as successor of the United States Court of Appeals for the Indian Territory, to review upon a writ of error the judgment of the United States Court for the Western District of Indian Territory, at Wagoner, is derived from the provisions of section 12 of an act of Congress, approved March 3, 1905, (33 Stat. 1081, c. 1479 [U. S. Comp. St. Supp. 1907, p. 208]) entitled "An act making appropriations for the current and contingent expenses of the Indian Department and for fulfilling treaty stipulations with various Indian Tribes for the fiscal year ending June thirtieth, nineteen hundred and six, and for other purposes:"

"That hereafter all appeals and writs of error shall be taken from the United States courts in the Indian Territory to the United States Court of Appeals in the Indian Territory, and from the United States Court of Appeals in the Indian Territory to the United States Circuit Court of Appeals for the Eighth Circuit in the same manner as is now provided for in cases taken by appeal or writ of error from the circuit courts of the United States to the Circuit Court of Appeals of the United States for the Eighth District."

Accordingly appeals and writs of error to the United States Court of Appeals in the Indian Territory thereafter must be taken in the manner prescribed in section 6 of an act of Congress of March 3, 1891, and only as therein provided:

"That the Circuit Court of Appeals established by this act shall exercise appellate jurisdiction to review by appeal or writ of error *final decisions* in the district courts and the existing circuit courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law." (26 Stat. 828, c. 517 [U. S. Comp. St. 1901, p. 549.])

An order awarding a new trial is not a final decision. *Hume v. Bowie*, 148 U. S. 245, 13 Sup. Ct. 582, 37 L. Ed. 438; *Lawson v. Moore*, 44 Ala. 274; *State v. Ross*, 34 Ark. 377. See, also,

*Morgan, v. Thompson,* 124 Fed. 204, 59 C. C. A. 672; *Brush Electric Co. v. Electric Implement Co.,* 51 Fed. 557, 2 C. C. A 379, and notes thereto; *Salmon v. Mills,* 66 Fed. 32, 13 C. C. A. 374, and notes thereto; *Carmichael et al. v. City of Texarkana,* 116 Fed. 845, 54 C. C. A. 179, 58 L. R. A. 911; *Hooven et al. v. John Featherston's Sons,* 111 Fed. 81, 49 C. C. A. 229; *Robinson et al. v. Belt et al.,* 56 Fed. 328, 5 C. C. A. 521; *Life Ins. Co. v. Scheffer,* 105 U. S. 703, 26 L. Ed. 1110; *Houston v. Moore,* 3 Wheat. (U. S.) 433, 4 L. Ed. 428; *Smith v. Adams,* 130 U. S. 168, 9 Sup. Ct. 566, 32 L. Ed. 895; 1 Freeman on Judgments (4th Ed.) § 32-c; 1 Black on Judgments, § 31.

In the case of *State v. Ross,* 34 Ark. 378, the court says:

"There was a valid trial and verdict against the defendant in error for murder in the second degree, which verdict the court in fact set aside for an *erroneous* reason; and there was no final judgment. We decline to send a mandate to the court below directing it to sentence the prisoner upon the verdict so set aside, because we cannot undertake to say that, if the court had not fallen into the error of setting aside the verdict on the ground stated in the record entry, it might not have granted a new trial on some of the grounds assigned in the motion."

In this case it appears from the record that the defendants, at least the sureties, had no notice of the contemplated motion on the part of the plaintiffs for the assessment of damages on the supersedeas bond. It certainly would have been the better practice for the plaintiff to have given the defendants, each and all of them, reasonable notice of such intended action. It may have been held that, if the court had finally determined that it had jurisdiction, still within his discretion, on account of the failure to give reasonable notice to said defendants, or for other grounds assigned in the motion for a new trial, might have proceeded, within his discretion, to grant a new trial. The fact that he assigned a ground for granting it certainly does not make it any more a final judgment. It is not necessary for this court to determine whether or not the court below would have jurisdiction in

said matter. The proper way to raise that question is to give the defendants, including the sureties, reasonable notice that it would move for the impaneling of the jury for the assessment of damages, and, if the court then declined to take jurisdiction, and plaintiff has no other adequate remedy of relief, then mandamus would be its proper course. *Life Ins. Co. of N. Y. v. Heirs of Wilson,* 8 Pet. (U. S.) 291, 8 L. Ed. 949; *Lawson v. Moore,* 44 Ala. 274; *Higgins v. Brown* (decided at this term, and reported in this volume) 94 Pac. 703.

The case of *Weller v. Western State Bank,* 18 Okla. 478, 90 Pac. 877, has no application to this case, as that arose under the laws of the territory of Oklahoma, and section 4733, Wilson's Rev. & Ann. St. 1903, of Oklahoma, provides:

"The Supreme Court may reverse, vacate or modify the judgment of the district court, for errors appearing on the record, and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The Supreme Court may also reverse, vacate or modify any of the following orders of the district court, or a judge thereof: First, A final order. Second, An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or that confirms or refuses to confirm, the report of a referee; or that sustains or overrules a demurrer. Third, An order that involves the merits of an action, or some part thereof."

It will be observed that under the territory of Oklahoma the Supreme Court of that territory was especially empowered to vacate, modify, or reverse an order refusing or granting a new trial. The writ of error is dismissed.

All the Justices concur.