CLAUDIA O. WEINGAND, APPELLANT, v. CITY OF NORTH PLATTE ET AL., APPELLEES.

FILED MARCH 1, 1922.     No. 21709.

1. **Torts:** JOINT AND SEVERAL LIABILITY. Where an injury is suffered in consequence of the wrongful acts of several persons, all of whom contribute directly to cause the injury, though there was no conspiracy or joint concert of action, they are jointly and severally liable.

2. **Nuisance:** INJUNCTION: DAMAGES. An action for an injunction to restrain or abate a continuing nuisance may be maintained by any person who suffered damage or injury thereby, and he may in the same action be allowed to recover for any past or present damage which he has sustained by reason of. the nuisance.

3. **Costs.** Litigants cannot escape their liability for costs in an action, where they cease the commission of the acts amounting to a nuisance after action is commenced, and where they answer to the merits and contest the right of plaintiff to the relief prayed at the trial.

4. **Nuisance:** INJUNCTION: DAMAGES. Evidence examined, and *held* to sustain the action of the trial court as to the granting of the permanent injunction; but, the trial court having made the finding that the nuisance complained of caused the damage to the plaintiff, and the amount of such damage not being in dispute, the plaintiff should be entitled to recover his damages.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed as modified.*

*Halligan, Beatty & Halligan,* for appellant.

*Beeler, Crosby & Baskins, Hoagland & Carr* and *E. H. Evans, contra.*

Heard before LETTON, DEAN and DAY, JJ., CORCORAN and GOSS, District Judges.

CORCORAN, District Judge.

The plaintiff and appellant in this litigation is the lessee of the McCabe Hotel at North Platte. The defendants and appellees, except the city and its sewer inspector, are owners of buildings situated upon lots in the same city block as the hotel in question. The plaintiff filed his petition, and charged the defendants with the violation of an ordinance of the city, which prohibited the diverting of rain water from the roofs of buildings into the sanitary sewer system of the city. It was claimed by the plaintiff that each of the defendants had effected connections with the sanitary sewer in the alley back of the respective buildings, and thus diverted the rain water from the roofs of their buildings into the sewer, thus overloading the lateral sewer and causing it to back up through the toilets and wash bowels in the hotel basement and flooding the basement with sewage; that in the months of June and July, 1919, there occurred several heavy rains, and that with the rain water diverted from the roofs of defendants' buildings the sewer was overloaded and was unable to carry off the water and sewage, and as a consequence the basement of the hotel was flooded, as above set forth, to the damage of the plaintiff and his business. The plaintiff asked that the defendants and each of them be enjoined from continuing the nuisance and for damages.

The defendants filed separate answers, which answers were all very similar, and each of them contested the right of plaintiff to either an injunction or damages, and urged about every defense known to the law and our system of practice. In addition to the other defenses pleaded by the defendants, Walla Walla lodge of Odd Fellows tendered the defense that their building had

been disconnected from the lateral sewer for some months prior to the damage complained of, and this defense was sustained by the evidence and the court denied the injunction as to this defendant. The action proceeded against all the other defendants, and the decree was rendered granting a permanent injunction against maintaining these connections with the lateral sewer, but denying the allowance of any damages to plaintiff. The plaintiff has brought the case to this court upon appeal on account of the refusal of the trial court to allow his damages, which, according to the proof, amounted to $374. The defendants have perfected a cross-appeal complaining of the granting of the injunction against them.

Dr. McCabe, the owner of the hotel building, had also commenced a like suit against the same defendants which, by stipulation, was consolidated with this case and the two actions tried as one. Dr. McCabe proved that he had sustained considerable damage to his building by the flooding of the basement, including the practical destruction of the concrete floor and damages to the plumbing and fixtures, but he has prosecuted no appeal from the refusal of the court to allow damages and therefore that feature of the litigation requires no further consideration.

The evidence established without dispute that excessive rainfalls occurred in North Platte on June 4 and 8 and July 3 and 5, 1919, upon each of which dates more than an inch of rain fell in a very short time. The plaintiff claimed that upon the occasion of each of these rains, the water being conducted from the roofs of defendants' buildings into the ten-inch lateral sewer, the sewer was so overloaded that the water and sewage was backed up through the plumbing fixtures, flooding the basement to a depth of more than a foot, and that he was put to the expense and inconvenience of pumping out the water and filth, and disinfecting the premises, and also of plugging up the plumbing in the attempt to prevent the

water flooding through the fixtures. This water appeared to be backing into the building with considerable force. Shortly after the plumbing fixtures were plugged to prevent its coming in that way, the eight-inch reinforced concrete floor commenced to bulge, and in a short time was cracked and broken and raised up across the middle about one foot. This, of course, proved conclusively that there was a large amount of water in the ground, either coming from the sewer or elsewhere, and that there was sufficient pressure to break through the floor, which was well reinforced with 5/8 inch steel rods and the system of steel matting used for reinforcing and to add strength to the floor. These matters were not disputed in the evidence. The testimony of a number of competent engineers was offered by both plaintiff and defendants. These expert witnesses in all essential particulars agreed upon the proposition that the city of North Platte is situated between the North and South branches of the Platte river, about three miles above the junction of the two streams; that the ground is generally flat and level, the elevation of the ground at the hotel building being about the same as the bed of the South Platte river; that on account of the high elevation of the water in the ground it is almost impossible to maintain a cellar or a basement under any of the buildings of the city; that this ground water rises and falls with excessive moisture or the opposite condition; that, in times of continued heavy rains saturating the ground, the ground water rises close to the surface, even within two feet of it; that, while the sewers are what are known as sanitary sewers, still the joints are not made water tight, and as a consequence this ground water enters the sewer through the joints, which occur every 2½ feet, and is carried along with the sewage. At times the ground water nearly fills the sewer. The only reasonable or fair inference which can be adduced from the evidence is that the addition of the rain water from the roofs of defendants' buildings so overtaxed the carrying capacity of the sewer

that it not only contributed to but was the moving factor which caused the damage to the plaintiff. The trial court made a specific finding to this effect in the decree. It follows that in this respect the trial court erred in refusing to allow the plaintiff the damages sustained, the amount of such damages not being disputed in the evidence. The decree to this extent should be modified.

The defendants, upon each of the cross-appeals, insist that the injunction should not have been allowed against them; that the owners of the buildings are improperly joined with the city; that the damage, if any, was caused by the ground water, rather than their down-spouts; and some of them pleaded that the sewer was a public highway which all were free to use, and at the close asked to be permitted to amend their answers and plead that the plaintiff had allowed water from some small areaways to be conducted through the sewer, and that he was therefore estopped to ask to enjoin them.

The law is too well settled to warrant any extended discussion of the points raised. The ordinance of the city prohibited the conducting of rain water into the sanitary sewer system of the city. It was therefore unlawful, and the knowledge or connivance of the city officers with the unlawful use of the sewer system does not in any manner change the situation, except to furnish a valid reason for making the city and its offending officers parties to the litigation. We are aware of the provision which declares: "Nor shall any rain or surface water be admitted to the soil pipe." The object of the legislation was not to protect the soil pipe, but to protect the sanitary sewerage system of the city from being overloaded and converted into a system of storm sewers, and with the obvious intent of the city council of preventing and obviating just such conditions as arose in the present case. The rule appears to be well settled that when two or more persons act independently of each other, and diverse and disconnected, and their acts are without concert, but the action causes a single injury,

all are jointly and severally liable. *Twitchell v. Glenwood-Inglewood Co.,* 131 Minn. 375; *Virtue v. Creamery Package Mfg. Co.,* 123 Minn. 17; *Johnson v. Thomas Irvine Lumber Co.,* 75 Wis. 539; *Elkhart Paper Co. v. Fulkerson,* 36 Ind. App. 219. This is true, even though one of the parties is a municipal corporation or an officer of such corporation.

The defendants rely upon the rule stated by one of the federal courts in *Carmichael v. City of Texarkana,* 116 Fed. 845, where it was held that the inhabitants of a city are improperly joined with the city in a suit for damages and an injunction on account of the negligence of the city in the construction and operation of a sewer. This rule can have no application here. The plaintiff is not proceeding against the city on account of any negligent construction or operation of this public utility. What the plaintiff complains of is the unlawful use which the defendants have attempted to make of the sewer, to plaintiff's damage. The plaintiff would be justified in invoking the protection of the law regardless of the ordinance. If the city had never adopted such an ordinance the plaintiff might appeal to a court of equity to protect his property from the devastation shown to have been inflicted in the present case.

After the trial and before the submission of the case the defendants asked to be permitted to amend their answers and tender a new issue—that of an estoppel against the plaintiff for having allowed the rain water which fell upon some small areaways in the hotel building to be conducted through the sewer. The trial court probably believed the matter too trivial to permit the amendment; and we cannot say that there was any abuse of the exercise of a sound discretion in the refusal.

The defendants Christian Brodbeck and Harry A. Brodbeck have filed a separate brief and asked to be relieved from costs on account of having disconnected their building from the sewer after the commencement of the action and after service of summons. These de-

fendants would .be in a better attitude to · make this appeal for clemency if this was the issue they had tendered to the trial court.   Instead, they filed an answer pleading every defense set forth by the other defendants, insisting that the sewer was a public highway, and upon the right to use it in the manner complained of, and urging every technical and legal defense which could be conjured up in the brain of their able counsel.   Their situation is no different from their codefendant, Knights of Columbus, who disconnected their building on July 15 as soon as they knew of the commencement of the action.   These defendants  Brodbeck fought the case through to the bitter end and lost, and helped to make the expenses of this trial.   They should pay their share of the costs and the damages.   The city, however, is not liable for such damages, 19 R. C. L. 1102, 1106, secs. 385, 390.

The decree of the trial court granting the perpetual injunction is clearly right and should be to˙ that extent affirmed.   The cause is remanded to the district court, with directions to modify its decree, allowing the·plaintiff damages against the defendants, other than the city and the sewer inspector, in the sum of $374, with 7 per cent. interest from the date of the trial, and his costs in the district court and in this court.

AFFIRMED AS MODIFIED.