THE UNITED STATES, PLAINTIFFS IN ERROR, *v.* JAMES A. GIRAULT, WILLIAM M. GWIN, HAY BATTLE HARRISON, AND ALEXANDER J. MCMURTRY.

Where an action was brought by the United States upon the official bond of a receiver of public money, a plea that the United States had accepted another bond from the receiver was bad. The new bond could be no satisfaction for the damages that had accrued for the breach of the condition of the old one.

Pleas, also, were bad, alleging that the receiver had made returns to the Treasury Department, admitting that he had received money which the pleas asserted that he never had received. They were bad, because they addressed themselves entirely to the evidence, which, it was supposed, the United States would bring forward upon the trial.

Besides, these pleas were bad, because the sureties in the bond were bound to protect the United States from the commission of the very fraud which they attempted to set up as a defence.

The case of the United States *v.* Boyd, 5 Howard, 29, examined.

Another plea taking issue upon the breach should not have been demurred to. The demurrer being general as to all the pleas, and bad as to this one, judgment was properly given against the plaintiffs in the court below.

By the laws of Mississippi, where a joint action is brought upon a bond or note, the case must be finally disposed of in the court below, with respect to all the parties upon the record, before it is carried up to the appellate court, otherwise it is error.

Where this error occurs, the practice of this court is to dismiss the case for want of jurisdiction, and remand it to the court below to be proceeded in and finally disposed of.

THIS case was brought up, by writ of error, from the District Court of the United States for the Northern District of Mississippi.

The United States sued out process against James A. Girault, William M. Gwin, Hay Battle Harrison, and Alexander J. McMurtry, and declared for a debt of $100,000 by bond, bearing date the 8th of July, 1838, executed by the defendants to the United States, with condition, reciting that the defendant Girault had been appointed by the President of the United States, by commission bearing date the 2d of June, 1838, receiver of public money for the district of lands subject to sale

The United States v. Girault et al.

at Chocchuma, in the State of Mississippi, that, "if the said Girault shall faithfully execute and discharge the duties of his office, then the obligation to be void"; and assigned for breach, "that on the 2d day of June, 1840, the said Girault, as receiver of public money as aforesaid, had received a large amount of public money, to wit, the sum of $ 8,952.37, which said sum of money, he, the said James A. Girault, has hitherto wholly neglected and refused, and still neglects and refuses, to pay to the United States, contrary to the form and effect of the said writing obligatory; and of the condition thereof by reason of which," &c.

To this the sureties, Gwin, Harrison, and McMurtry, pleaded (by leave of the court first had) four several pleas.

1. That after the making of the bond declared on, (and after the said 2d of June, 1840, mentioned in the assignment of breach,) and before the commencement of suit, to wit, on the 25th of September, 1840, the said J. A. Girault, and McRae Bartlett, George K. Girault, Wilson and Blocker, made their act and deed to the plaintiffs in the penal sum of $ 100,000, reciting the appointment of said James A. Girault as receiver of public money at Chocchuma, by commission bearing date the 2d of June, 1838, with condition, "that, if the said James A. Girault had truly and faithfully executed and discharged, and should truly and faithfully continue to execute and discharge, all the duties of said office, according to the laws of the United States," &c., &c.; which bond and condition the plaintiffs did then and there "receive and accept of and from said James A. Girault, ———, in full lieu, discharge, and satisfaction of the said writing obligatory in the plaintiffs' declaration mentioned; and this the said defendants are ready to verify; wherefore they pray judgment if," &c.

2. That on the 2d of June, 1840, and on several days before, "the said James A. Girault issued receipts as receiver of money, paid for certain lands therein specified, and so returned, at the times aforesaid, to the Treasury Department of the United States, to the amount of ten thousand dollars, and of which the amount in the declaration mentioned is part and parcel; and these defendants say, that neither the said ten thousand dollars, nor any part thereof, were ever paid to or collected by him, the said James A. Girault, which these defendants are ready to verify and prove; wherefore they pray judgment if the said plaintiffs shall have their action against them."

3. The third plea says, "that said J. A. Girault caused to be entered for his own use several parcels of land, amounting to eight thousand acres, and gave and issued receipts for money paid therefor on the 2d of June, 1840, and on divers other days

before that time, and returned an account to the Treasury Department of the United States in said receipts specified, to the amount of ten thousand dollars, of which amount the sum mentioned in plaintiffs' declaration is part and parcel." "And the said defendants aver that neither the said moneys, nor any part thereof, were ever paid or deposited in said office by the said Girault, or any one for him, and this the defendants are ready to verify; whereof they pray judgment."

4. The fourth plea alleges that the plaintiffs ought not to have their action, because the defendants say "that no public moneys of the United States came to the hands of the said James A. Girault, as such receiver, after the execution of said bond, nor were there any such public moneys, for the payment of which the defendants were chargeable by virtue of the said bond, received by him prior to the execution of the same, remaining in the hands of the said receiver, in his official capacity, at the time of the execution of said bond, or at any time thereafter, which had not been paid or accounted for according to law, before the commencement of this suit, which the defendants are ready to verify; wherefore they pray judgment," &c.

To these pleas the attorney for the United States demurred.

The court sustained the demurrer to the first plea, overruled it as to the second, third, and fourth; and adjudged that the plaintiffs be barred from having their aforesaid action.

To review this judgment the United States sued out a writ of error, and brought the case up to this court.

It was submitted on printed arguments by *Mr. Crittenden* (Attorney-General), for the United States, and *Mr. Cocke*, for the defendants.

*Mr. Crittenden*, for the appellants.

As the demurrer brings all the pleadings before the court for judgment, to be rendered for the party who shall, on the whole record, appear to be rightfully entitled to judgment, it is proper to point out the defects in all the pleas of the appellees.

A demurrer admits only such facts as are well pleaded; never admits the law as deduced by the pleader from the facts pleaded, but refers the law to the judgment of the court, and may well be entered for a false allegation of law. U. States *v.* Arnold, 1 Gall. 348.

I. The first plea is ill, for several reasons:—

1. The action is in debt on a bond, and it is not a good plea that the plaintiffs accepted another bond in satisfaction of the old bond, and for the damages upon the breach of the old bond; for that is no satisfaction, actual and present, as it

ought to be.    Lovelace v. Cocket, Hobart, 68 ; 4 Bac. Abr.
*Pleas and Pleading,* (I.) p. 87.

2. The new bond, pleaded with a condition retrospective,
with intent to include and cover breaches of duty committed
by the receiver, before the date of the new bond, was void as
to that, and not binding on the securities ; and therefore
could not be satisfaction for the bond, and the breaches and
damages in the declaration alleged.    Armstrong v. U. States,
Peters, C. C. Rep. 46.

3. The plea alleges a bond by Girault and his sureties, of
the 25th of September, 1840, of a character which no officer of
the government of the United States had any lawful power or
rightful authority to agree to accept, or to accept or receive in
lieu or in satisfaction of the said prior lawful bond, debt, and
damages, in the declaration mentioned.

4. The said plea does not traverse the bond and condition
declared upon, nor the breach alleged in the declaration, but,
confessing the said bond, condition, and breach, the plea sets
up matters of defence which in law do not amount to any
avoidance or sufficient defence of the cause of action in the
declaration charged and averred.

5. The plea does not aver to what officer or agent of the
government of the United States the said alleged bond of 25th
September, 1840, was delivered, nor what officer or agent of
the government of the United States agreed to accept said
bond in lieu, discharge, and satisfaction of the bond in the
declaration mentioned ; neither does the plea aver, show, or
rely upon any law, authority, or rightful power in any officer,
agent, attorney, or minister of the government of the United
States, to agree to and accept such accord and satisfaction as
is in said plea relied upon and pleaded ; neither in point of
law had any person competent authority or rightful power, for
and on behalf of the government of the United States, to agree
to and accept any such accord and satisfaction as in said plea
is supposed and alleged.

II. and III. The second and third pleas are ill ; they allege
acts done and committed by the officer Girault, which were
in violation of the duties of his office, in direct breach of the
condition of his official bond mentioned in the declaration ;
which acts, so alleged by the pleas, rendered the officer Girault
and his sureties liable to the United States for the amount of
money specified in those official receipts and official returns.
The pleas allege nothing to exonerate Girault and his sureties
from liability to the government for the amount of money
specified in those receipts and reports.

The receiver Girault and his sureties are liable to the govern-

ment upon the official receipts and official returns made by the receiver; and whether he did or did not in fact receive the money before he issued his receipts, and made his official returns thereof, is immaterial. He is chargeable, and so are his sureties, upon his official receipts and returns, because those receipts issued and those returns entitled the persons to whom those receipts were given, and their alienees, to patents for the lands mentioned in the receipts as having been paid for.

The receiver and his sureties cannot require of the government to go behind those official receipts and official reports, to prove by evidence *aliunde* that the receiver's receipts and official returns are not false, and that in point of fact he did receive the money.

The receiver and his sureties are estopped by his official receipts and official returns of money received.

The interests of the government in respect of the sale of the public lands would be in a perilous condition, if the government could be required by such pleas as these, No. 2 and 3, to go into an inquiry, by parol proof or evidence *aliunde*, whether the official receipts and official returns of the receivers of public moneys were true or false.

Pleas No. 2 and 3 confess the matters alleged in the declaration, confess the cause of action, without alleging any lawful avoidance.

IV. The fourth plea which is pleaded in bar concludes with a verification, contains no traverse of the matter alleged in the declaration, and is totally illegal and insufficient.

The plaintiffs could have made no other replication to this plea, than by repeating the assignment of breach contained in the declaration.

If the plaintiffs had so replied, still there would have been no issue joined; the defendants might have rejoined by repeating this fourth plea, to which the plaintiffs could have sub-rejoined nothing more than the assignment of breach as first made in the declaration; and so the pleadings might have progressed without end, and without an issue. The plaintiffs were by force of this mode and form of special pleading under the necessity of demurring, so that the insufficiency and illegality of the plea might be judicially determined.

The declaration contains a material, positive averment of matter of facts in breach of the condition of the bond sued on, which material averment is not traversed by the plea, as it should have been, whereby that matter and the cause of action are admitted by the defendants. Toland *v.* Sprague, 12 Pet. 335; Hudson *v.* Jones, 1 Salk. 91; Blake *v.* West et al. 1 Ld. Raym. 504; 4 Bac. Abr., *Pleas and Pleading*, (H.) traverse, pp. 67–83.

The United States *v.* Girault et al.

This plea is not direct, positive, and single, as required by law, but is uncertain, argumentative, double, multifarious, equivocal, and evasive; it contains a negative pregnant with an affirmative, and an affirmative pregnant with a negative; it is contradictory the one part thereof to another; it first alleges that no moneys came to the hands of Girault as receiver after the execution of the bond sued on; and next alleges argumentatively, that all moneys which came to the hands of the receiver, with which the sureties were chargeable, had been paid or accounted for according to law before the commencement of this suit. If this plea amounts to any defence at all, it is in the beginning a general denial that any moneys had come to the hands of Girault, and in the after part it argumentatively asserts that all the public moneys which came to Girault's hands as receiver had been paid and accounted for before suit; provided, however, that the plea is to be understood as relating only to such moneys as the defendants, the sureties of Girault, were chargeable with by virtue of their bond.

A defendant is not at liberty to plead specially a plea that amounts to the general issue; much less to plead the general issue, argumentatively, with duplicity, and with uncertainty. 4 Bac. Abr., *Pleas and Pleading*, (G,) p. 54; 3 of special pleas, p. 60, (I.); 5, p. 97; 6, p. 98.

This plea is framed to let in the matters of pleas No 2 and 3; seems to be intended as a special plea of "*non infregit*," a special plea of "conditions performed," with the qualification annexed, that if the principal, Girault, did break the condition of the bond, or did not perform the condition of the bond, yet they, the sureties, are not bound for the breaches and non-performance. It may properly be denominated "Point-no-Point," which the attorney of the United States could meet in no other way than by a demurrer.

*Mr. Cocke*, for defendants.

The demurrer admits the truth of the facts severally pleaded.

We hold that it was competent for the United States to contract to receive the bond mentioned in the first plea in lieu and satisfaction of the one sued on, and we are at a loss to perceive upon what principle the court below sustained the demurrer to the first plea.

This court is respectfully requested to bear in mind, that the only breach relied upon in this action is the refusal of Girault to pay over moneys alleged to have been collected and received by him in his official capacity.

By the pleadings in the cause it is admitted, that he did not receive any money; that he issued certificates for land without

payment therefor; and that he had fully paid over and accounted to the treasury of the United States for all moneys received by him officially, prior to the institution of this suit. Which facts constitute, in our opinion, a full bar to this action.

We submit that it is too important to the treasury of the United States for a receiver of a land-office to have power, by fabricated certificates of purchase of public land, to change the title, and, by seeking to charge sureties for the supposed purchase-money, to obtain valid title to any portion of the public domain.

The result in every case would be a total insolvency, and a loss to the government of the money and the land. It is believed that the legislation on the subject does not contemplate the power to make such a disposition of the public lands.

We consider that the principles relied upon in said pleas are well settled in the case of the United States against Boyd and others, 5 Howard's Supreme Court Reports, 29, to which we respectfully refer the court, and on which we confidently rely, and insist that the judgment be affirmed, and the plaintiffs barred of their action. But if, contrary to our expectations, the matters set forth in the second, third, and fourth pleas are not held sufficient to bar the plaintiffs, then we request the consideration and judgment of the court on the sufficiency for such bar in the matters of the first plea.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the District Court held in and for the Northern District of Mississippi.

The action was brought on the official bond of Girault, a receiver of the public money, against him and his sureties. The bond is dated the 8th of July, 1838, and conditioned that he shall faithfully execute and discharge the duties of the office of receiver.

The breach assigned is, that on the 2d of June, 1840, the said Girault had received a large amount of the public moneys, to wit, the sum of $8,952.37, which he had neglected and refused to pay over to the government.

All the defendants were personally served with process.

The sureties appeared and pleaded, —

1. That after the making of the bond in the declaration mentioned, and before the commencement of the suit, to wit, on the 25th of September, 1840, a certain other official bond was given by Girault and others to the plaintiffs, describing it, which they accepted in full discharge and satisfaction of the first one.

2. That on the 2d of June, 1840, and on divers days before that day, the said Girault gave receipts as receiver for moneys

paid on the entry of certain lands therein specified, and returned the same to the Treasury Department, to the amount of ten thousand dollars, and of which the amount in the declaration mentioned was part and parcel. And that neither the ten thousand dollars, nor any part thereof, was paid to or received by him, the said Girault.

3. The same as the second, except that the receipts given were for several parcels of land entered by Girault for his own use.

4. That no public moneys of the United States came to the hands of Girault, as receiver, after the execution of the bond, nor were there any received by him, for which the defendants were accountable by virtue of said bond, prior to the execution of the same, remaining in his hands as such receiver at the time of the execution, or at any time afterwards, which had not been paid over and accounted for according to law before the commencement of the suit.

To these several pleas, the plaintiffs put in a general demurrer, to which there was a joinder.

The court gave judgment for the plaintiffs on the first plea; and for the defendants on the second, third, and fourth. Upon which the plaintiffs bring error

The first plea is not before us, as judgment was rendered for the plaintiffs. It is undoubtedly bad, as the new bond could be no satisfaction for the damages that had accrued for the breach of the condition of the old one. Lovelace *v.* Cocket, Hobart, 68; Bac. Abr., tit. *Pleas*, 2, p. 289.

The second and third pleas are also bad, and the court below erred in giving judgment for the defendants upon them. They are pleas, not to the declaration or breach charged, but to the evidence upon which it is assumed the plaintiffs will rely at the trial, to maintain the action. The breach is general, that the defendant Girault has in his possession eight thousand nine hundred and fifty-two dollars and thirty-seven cents of the public moneys, which he neglects and refuses to pay over.

The defendants answer, that the evidence which the receiver has furnished the plaintiffs of this indebtedness is false and fabricated; and that no part of the sum in question was ever collected or received by him; thereby placing the defence upon the assumption of a fact or facts which may or may not be material in the case, and upon which the plaintiffs may or may not rely in making out the indebtedness. A defendant has no right to anticipate or undertake to control by his pleadings the nature or character of the proof upon which his adversary may think proper to rely in support of his cause of action, nor to ground his defence upon any such proofs. He must deal with

the facts as they are set forth in the declaration; and not with the supposed or presumed evidence of them.

If the defendants are right in the principle sought to be maintained in their second and third pleas, a denial of any public moneys being in the hands of the receiver for which they were liable within the condition of their bond would have answered all their purposes. For if the plaintiffs possess no other evidence of their liability than that of the fabricated receipts, and the sureties are not responsible for the moneys thus acknowledged, nor estopped from controverting them, a plea to the effect above stated would have enabled them to present that defence.

The principle, however, upon which these pleas are founded, is as indefensible as the rule of pleading adopted for the purpose of setting it up.

The condition of the bond is, that Girault shall faithfully execute and discharge the duties of his office as a receiver of the public moneys. The defendants have bound themselves for the fulfilment of these duties; and are, of course, responsible for the very fraud committed upon the government by that officer, which is sought to be set up here in bar of the action on the bond.

As Girault would not be allowed to set up his own fraud for the purpose of disproving the evidence of his indebtedness, we do not see but that, upon the same principle, they should be estopped from setting it up as committed by one for whose fidelity they have become responsible.

This is not like the case of the United States v. Boyd and others (5 How. 29). There the receipts which had been returned to the Treasury Department, upon which the indebtedness was founded, and which had been given on entries of the public lands without exacting the money, in fraud of the government, were all given before the execution of the official bond upon which the suit was brought.

The sureties were not, therefore, responsible for the fraud; and it was these transactions on the part of the receiver, which had transpired anterior to the time when the sureties became answerable for the faithful execution of his duties, in respect to which it was held that they could not be estopped by his returns to the government. No part of them fell within the time covered by the official bond.

The fourth plea affords a full and complete answer to the breach assigned in the declaration, and should not have been demurred to. As it takes issue upon the breach, it should have concluded to the country; but this defect is available only by a special demurrer.

As the demurrer put in is general to the four several pleas, if any one of them constituted a good bar to the action, the demurrer is bad. On this ground the judgment was properly given against the plaintiffs in the court below.

They should have asked leave to withdraw the demurrer as to the fourth plea, and have taken issue upon it, instead of allowing the judgment to stand, and bringing it to this court on error.

Indeed, when these pleas were put in, the plaintiffs, in order that the case might be disembarrassed of any technical objections or difficulties on account of the pleadings, should have amended their declaration by assigning additional breaches covering the malfeasance in office set up in the second and third pleas. This would have met the grounds of the defence raised by them, and have presented the issues appropriately upon the condition of the bond, whether or not the receiver had faithfully executed the duties of his office.

The defendant Girault, it appears, was personally served with process, but did not appear. The plaintiffs have not proceeded to judgment, nor discontinued their proceedings, as to him. As the case stands, therefore, there is a joint suit against four defendants on the bond, a judgment in favor of three, and the suit as to the fourth undisposed of.

According to the practice in Mississippi, founded upon a statute of the State, in the case of a joint action on a bond or note, separate judgments may be taken against the several defendants, whether by default or on verdict; and the plaintiff may take judgment against some of the defendants, and discontinue as to others. But it is there deemed error, for which the judgment will be reversed, if final judgment is entered up by the plaintiff before the case is finally disposed of in respect to all the parties on the record. 2 Howard, (Mis.) 870; 4 Ib. 377; 6 Ib. 517; 7 Ib. 304.

In the case in 6 Howard, above cited, the plaintiffs brought a suit against two defendants on a sealed note. The writ was returned served as to one of them, and *non est* as to the other. The declaration was filed against both, and the one personally served appeared and defended; and a verdict was found against him on which judgment was entered, the case remaining undisposed of as to the other defendant. On appeal the court reversed the judgment, remarking that the case should have been disposed of as to all the parties; there is no judgment of discontinuance or dismissal as to one of the defendants.

The same point was ruled in the case in 2 Howard above referred to; and also in that in 7 Howard. In the last case it

is said that it is irregular to enter a final judgment against part of the defendants without disposing of the cause against the others; that it was regular to take judgment by default against those who did not plead; but the judgment in the case should not have been finally entered until the cause was ready for final disposition as to all.

The practice in this court, in case the judgment or decree is not final, is to dismiss the writ of error or appeal for want of jurisdiction, and remand it to the court below to be further proceeded in. 4 Dallas, 22; 3 Wheat. 433; 4 Ib. 75; 6 Howard, 201, 206.

This is also the rule of the King's Bench in England. Metcalfe's case, 11 Co. 38. It is there laid down in the second resolution, that by the words in the writ, *si judicium inde redditum sit*, &c., are intended, not only a judgment in the chief matters in controversy, but also in the whole of them, so that the suit may be at an end. The reason given is, that, if the record should be removed before the whole matter is determined in the court below, there would be a failure of justice, as the King's Bench cannot proceed upon the matters not determined, and upon which no judgment is given, and the whole record must be in the Common Pleas or King's Bench. It is entire, and cannot be in both courts at the same time.

The writ is conditional, and does not authorize the court below to send up the case unless all the matters between all the parties to the record have been finally disposed of. The case is not to be sent up in fragments, by a succession of writs of error. Peet *v.* McGraw, 21 Wend. 667.

It is supposed that, inasmuch as judgment is allowed to be entered separately against two or more defendants sued jointly upon a bond or note, according to the statute of Mississippi, the severance of the cause of action is complete; and that any one defendant against whom judgment may be thus entered can bring error, although the case has not been disposed of as to the other defendants. And for a like reason, when a judgment is rendered in favor of one defendant against the plaintiff, the latter may bring error before the suit has been disposed of in respect to the others.

But we have seen that the practice is otherwise under this statute, and that final judgment cannot be properly entered against any of the parties until the whole case is disposed of; and that any neglect in the observance of the rule exposes the judgment to a reversal on error in the appellate court.

According to the practice of this court, the judgment cannot be reversed on account of the error, but the case must be dismissed for want of jurisdiction, and remanded to the court below, to be proceeded in and finally disposed of.

As the case must come before that court for further proceedings, it may, in its discretion, on a proper application, relieve the plaintiffs from the embarrassments in which the justice of it seems to have been involved, on account of the unskilfulness of the pleader, by opening the judgment on the demurrer, and permitting them to amend the pleadings. It is apparent that judgment has been rendered against them, without at all involving the merits of the case.

The writ of error is dismissed, and the cause remanded to the court below.

### Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the Northern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that this writ of error be, and the same is hereby, dismissed, and that this cause be, and the same is hereby, remanded to the said District Court, with directions to proceed therein in conformity to the opinion of this court.