### TURNER v. STANDARD ICE & FUEL CO.

(Circuit Court of Appeals, Eighth Circuit. August 1, 1923.)

#### No. 6216.

1. **Trial ⊚⇒2—Consolidation of causes held within discretion of court.**
   Consolidation of causes for trial *held* within the discretion of the court, under Rev. St. § 921 (Comp. St. § 1547).

2. **Appeal and error ⊚⇒201(1)—Error held waived in trial court.**
   Where counsel made no objection to consolidation of causes for trial by the court, such action cannot be assigned as error.

3. **Trial ⊚⇒336—Verdict held not invalidated by immaterial statement therein.**
   A statement in a verdict that the damages assessed for damage to fruit in storage were "at an amount equal to the storage actually paid" *held* not to invalidate the verdict as showing that the jury took the storage paid as the measure of damages.

4. **Appeal and error ⊚⇒705—Adequacy of damages awarded cannot be considered, where record does not contain all the evidence.**
   The appellate court cannot consider the question of the adequacy of the damages awarded a plaintiff, where the record does not contain all the evidence.

5. **Appeal and error ⊚⇒1078(1)—Errors not specified need not be considered.**
   The Circuit Court of Appeals is not required to consider errors not specified and relied on in compliance with its rule 24 (188 Fed. xvi, 109 C. C. A. xvi).

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by Fred Turner against the Standard Ice & Fuel Company. From a judgment for plaintiff for less than claimed, he brings error. Affirmed.

John H. Crain, of Ft. Scott, Kan., and H. H. Bloss, of Aurora, Mo., for plaintiff in error.

W. P. Dillard, of Ft. Scott, Kan., and J. P. Curran, of Pittsburg, Kan., for defendant in error.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN and LEWIS, Circuit Judges, and McGEE, District Judge.

LEWIS, Circuit Judge.   This action was brought by plaintiff in error as assignee of one Logan, to recover damages for alleged breach of contract to store and properly care for apples during the winter of 1919–1920.   He got a verdict and judgment, but claiming that the amount assessed is too low he brings the case here on assigned errors. Logan, plaintiff, and one Bradford lived at Marionville, Mo., and all of them were engaged in the apple business.   The storage plant of defendant was at Pittsburg, Kan.   The complaint alleges that the apples belonged to Logan, but he testified that they belonged to him and plaintiff, as partners, and that he assigned his interest in the cause of action for a valuable consideration.   Bradford also brought a like action in the court below, alleged that his cause of action belonged to Turner, but the latter had assigned it to him.   The apples involved in Bradford's action belonged to him, but he shipped them with Turner's consent under the arrangement made between Turner and defendant for storage; and he gave that as the reason for obtaining from Turner an assignment of his cause of action.   In both actions the plaintiffs claimed that arrangements for storage were made in conversations with defendant over the telephone, one by Turner and one by Logan, in which defendant agreed that the temperature would be kept to run from 33 to 30 degrees above zero.   Defendant claimed that the only contract it made was by letter of October 17, 1919, to Turner, in which it said, "We guarantee to furnish temperatures from 32 to 40 degrees." Bradford dismissed his action during the progress of the trial.   Early in the spring of 1920 it was discovered that the apples were not in good condition.   The complaint charged that defendant had neglected to maintain a proper temperature which caused some of them to rot and decay, and on that Turner claimed damages of $11,146.80.   He did not know, of course, the temperature at which the room in which the apples were stored had been kept, but a daily record of the temperature kept by defendant shows the fluctuation to have been from 31 to 39 degrees.   On one day it touched 30 degrees.

[1, 2] One of the errors relied on is the consolidation for trial of this case with the one brought by Bradford, made by the court of its own motion at the beginning of the trial.   Section 921, R. S. U. S. (Comp. Stat. § 1547), reads:

"When causes of a like nature or relative to the same question are pending before a court of the United States, * * * the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so."

When the two causes came on to be heard the court inquired whether they did not involve the same questions, and being informed that each was an action for alleged damages to apples put in storage in defendant's plant during the same season, that the plaintiffs in the two actions were represented by the same attorneys, and that the defendant was represented by the same attorneys in both cases, ordered that they

be consolidated and tried together. Plaintiff's counsel assigned no reason why this should not be done, but contented himself with taking an exception to the action of the court. Consolidation of actions for trial, that appear to come within the class named in the statute, rests in the sound discretion of the trial judge, and unless it be made to appear that the discretion has been abused there is no ground for complaint by either side. It clearly appears that the action brought by Turner and the one brought by Bradford, were of a like nature. The principal controverted issues of fact were the same. The only material difference was whether Logan's claim that the apples were stored under a verbal contract which he made was true; and conceding that to be true, and that Bradford's apples were stored under the contract evidenced by the letter, still the jury would have had no difficulty in making that distinction between this case and Bradford's case. We think the order of consolidation was a proper one and was rightly made. Insurance Co. v. Hillmon, 145 U. S. 285, 292, 12 Sup. Ct. 909, 36 L. Ed. 706; Tramway Co. v. Norton, 141 Fed. 599, 73 C. C. A. 1; Diggs v. L. & N. R. R. Co., 156 Fed. 564, 84 C. C. A. 330, 14 L. R. A. (N. S.) 1029; Woodstock Op. Corp. v. Young (C. C. A.) 268 Fed. 278; Keep v. Railway Companies (C. C.) 10 Fed. 454. Moreover, if there had been any reason why the order of consolidation should not have been made it was the duty of counsel for plaintiff to state those reasons. He sat by without doing so, and thereafter it was too late to make complaint.

It is also assigned as error, and relied upon here, that the court in its instructions read to the jury the letter of defendant of date October 17, 1919, in which it guaranteed a temperature from 32 to 40 degrees. That was the letter which the defendant claimed evidenced the only contract which it made for the storage of all of the apples. It was marked as Defendant's Exhibit 6 and offered in evidence, but it was not read to the jury at the time it was offered. It had been read theretofore in full in cross-examination of plaintiff Turner. He would not say he did not receive the letter. His repeated answer was, that he did not remember. The court, in reading the letter to the jury, advised them that the defendant claimed that the letter was the contract under which all of the apples were stored, and then stated to the jury that it was for them to determine whether that was the contract under which the apples involved in this action were stored, or whether the contract was a verbal one made between defendant and Logan over the telephone, as testified to by him. We have no doubt that the letter was in evidence, that the action of the court in reading it to the jury for the purpose stated was proper, and that the assignment is wholly without merit.

[3, 4] Another error assigned and relied upon is directed to the form of verdict returned. The jury found for plaintiff and assessed his damages at $2,003.25, and stated in the verdict that the damages assessed were "at an amount equal to the storage actually paid." It is argued that the jury adopted an erroneous measure for damages, the storage actually paid; and that the amount assessed is grossly inadequate. It may be conceded that it was wholly immaterial whether the damages

found by the jury were equal to, less or greater than the storage actually paid. But if it turned out, fortuitously, that the damages found did equal the storage actually paid, the plaintiff has suffered no injury because the jury took the trouble to say so. The other point is not open for consideration, because the bill of exceptions does not contain all of the testimony. While all of the testimony that has been preserved in the bill of exceptions shows the damage to have been much larger than the sum allowed, yet it affirmatively appears that eleven witnesses testified in favor of plaintiff and the testimony of five of them is wholly omitted, and there is no certification that the bill of exceptions contains all of the testimony of the other six. It also affirmatively appears that five witnesses testified in behalf of defendant, that the testimony of two of the five is wholly omitted, and it does not appear that all of the testimony of the other three is embodied in the bill of exceptions. We cannot say, then, that the amount of damage fixed by the jury was grossly inadequate, nor that it is without reasonable support. It is the duty of the jury, not the court, to fix the amount of damage from all of the testimony in the case bearing on that subject, and obviously we cannot inquire whether the jury has neglected its duty or abused its powers, unless all of the relevant testimony is before us.

[5] No other errors are specified and relied on—no objections or exceptions to the admission or exclusion of evidence, and no objections and exceptions to instructions given or refused. At the conclusion of the court's instructions counsel for plaintiff in error said no more than this: "We desire to except to each and all instructions of the court." No objections to the instructions given by the court were pointed out, and no instructions were requested by plaintiff in error, and no errors in that respect have been specified in the manner required by Rule 24 of this court (188 Fed. xvi, 109 C. C. A. xvi).

Affirmed.