### THOMPSON v. MURPHY et al.

#### No. 10860.

Circuit Court of Appeals, Eighth Circuit.

Nov. 26, 1937.

Jerome N. Frank, of New York City (Ernest A. Green, of St. Louis, Mo., Mc-Cune, Caldwell & Downing, of Kansas City, Mo., and Benjamin Kaplan, of New York City, on the brief), for appellant.

Henry N. Ess, of Kansas City, Mo. (Godfrey Goldmark, of New York City, and I. N. Watson, of Kansas City, Mo., on the brief), for appellees Guaranty Trust

Co. of New York, John R. Douglass, Ogden B. Talbot, Ralph Miller, and James B. O'Reilly.

Henry N. Ess, of Kansas City, Mo. (David W. Peck, of New York City, and I. N. Watson, of Kansas City, Mo., on the brief) for appellee Marine Midland Trust Co. of New York.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The appellant was the plaintiff in the court below, and the appellees, together with Terminal Shares, Inc., and Alleghany Corporation, were the defendants. All of the defendants were nonresidents of the Western District of Missouri, wherein this suit was brought for the enforcement of an alleged equitable lien on personal property. Substituted service of process, pursuant to the provisions of section 57 of the Judicial Code (title 28, § 118, U.S.C., 28 U.S.C.A. § 118) was had in New York upon all of the defendants. They appeared specially and moved to quash the service of process upon them upon the ground that section 57 did not authorize substituted service where the cause of action was of the nature of that alleged in the complaint. Before the motions of the defendants were ruled upon by the court below, Terminal Shares, Inc., and Alleghany Corporation withdrew their special appearance and motions to quash process, and appeared generally by filing answers on the merits. The court below entered an order quashing the service of process as to the other defendants (appellees here), and from that order this appeal is taken.

The order appealed from was made prior to the time that this court filed its opinion in Thompson v. Terminal Shares, Inc., et al., 89 F.2d 652, certiorari denied October 25, 1937, Guaranty Trust Co. of N. Y. v. Thompson, 58 S.Ct. 121, 82 L. Ed. ——.

■ This suit is conceded to be in all respects identical with that considered by this court in the case just referred to, and the question sought to be presented is the same question which this court in that case decided adversely to the defendants. We there held that the cause of action asserted was of such a nature that substituted service might be had upon nonresident defendants. There would be no purpose in repeating what was said in that

opinion. Our ruling in that case requires the reversal of the order appealed from, if this court has jurisdiction to entertain this appeal. The appellees contend that it is without jurisdiction, and certain of them have moved to dismiss the appeal on the ground that the order appealed from is not a final order because the suit is left pending on its merits in the court below as to the two answering defendants. The rule upon which the appellees rely is stated in Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 349, 64 L.Ed. 616, and in Arnold v. U. S. for Use of Guimarin & Co., 263 U.S. 427, 44 S.Ct. 144, 68 L.Ed. 371. We quote from the latter case the following language (263 U.S. 427, at page 434, 44 S.Ct. 144, 147, 68 L.Ed. 371):

"It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Hohorst v. Packet Co., 148 U.S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Oneida Navigation Corporation v. Job & Co., 252 U.S. 521, 522, 40 S.Ct. 357, 64 L.Ed. 697; and cases therein cited.

"And it is clear that the present case does not come within the seeming exception to this rule that an adjudication final in its nature as to a matter distinct from the general subject of the litigation and affecting only the parties to the particular controversy, may be reviewed without awaiting the determination of the general litigation. See Williams v. Morgan, 111 U.S. 684, 699, 4 S.Ct. 638, 28 L.Ed. 559, and Collins v. Miller, supra, 252 U.S. 364, at page 371, 40 S.Ct. 347, 64 L.Ed. 616."

The appellant contends that the order appealed from falls within the exception to the rule, since the suit is not one to enforce a joint liability against all defendants, and that the order may be regarded as "an adjudication final in its nature as to a matter distinct from the general subject of the litigation and affecting only the parties to the particular controversy." Arnold v. U. S. for Use of Guimarin & Co., supra, 263 U.S. 427, at page 434, 44 S.Ct. 144, 147, 68 L.Ed. 371.

The appellant has also suggested that an order might be made by this court remanding this case to the court below, with directions to vacate the order appealed from, on the authority of Thompson v. Terminal Shares, Inc., et al., supra. Such an order would be ineffectual and a nullity in the absence of any power in this court to reverse the order appealed from. Realty Corporation v. Montgomery, 284 U. S. 547, 551, 552, 52 S.Ct. 215, 216, 76 L. Ed. 476; Jensen v. New York Life Ins. Co. (C.C.A. 8) 59 F.2d 957. We are therefore required to determine the question whether this court has jurisdiction to entertain this appeal.

The rule as to the finality of orders, judgments, or decrees which do not affect all of the parties to a suit was stated by this court in Standley v. Roberts, 59 F. 836, 839, as follows:

"An order, judgment, or decree which leaves the rights of the parties to the suit affected by it undetermined—one which does not substantially and completely determine the rights of the parties affected by it in that suit—is not reviewable here until a final decision is rendered, nor is an order retaining or dismissing parties defendant, who are charged to be jointly liable to the complainant in the suit, appealable. U. S. v. Girault, 11 How. 22, 32, 13 L.Ed. 587; Hohorst v. Packet Co., 148 U.S. 262, 263, 13 S.Ct. 590, 37 L.Ed. 443. But a final decision which completely determines the rights, in the suit in which it is rendered, of some of the parties who are not claimed to be jointly liable with those against whom the suit is retained, and a final decision which completely determines a collateral matter distinct from the general subject of litigation, and finally settles that controversy, is subject to review in this court by appeal or writ of error."

This rule has been adhered to by this court. Rust v. United Waterworks Co., 70 F. 129, 132; Bankers' Trust Co. v. Missouri, K. & T. Ry. Co., 251 F. 789, 797; Rector v. United States, 20 F.2d 845, 860–872. It has not been disapproved by the Supreme Court and has been followed in other circuits. Curtis v. Connly (C.C. A. 1) 264 F. 650, affirmed 257 U.S. 260, 42 S.Ct. 100, 66 L.Ed. 222; Sheppy v. Stevens (C.C.A. 2) 200 F. 946, 947, 948; Jackson v. Jackson (C.C.A. 4) 175 F. 710, 715; Great Lakes Towing Co. v. St. Joseph-Chicago S. S. Co. (C.C.A. 7) 253 F. 635.

The order appealed from completely determines the rights of the parties affected by it, Rosenberg Co. v. Curtis Brown Co., 260 U.S. 516, 517, 43 S.Ct. 170, 171, 67 L.Ed. 372 (compare The Pesaro, 255 U.S. 216, 217, 218, 41 S.Ct. 308, 65 L. Ed. 592), and the defendants who are affected are not claimed by the plaintiff to be jointly liable with the answering defendants. Therefore, the order is reviewable under the rule of this court as "a final decision which completely determines the rights in the suit * * * of some of the parties who are not claimed to be jointly liable with those against whom the suit is retained." We think that the order may also be regarded as "an adjudication final in its nature as to a matter distinct from the general subject of the litigation and affecting only the parties to the particular controversy." The controversy here is wholly between the appellant and the appellees over the question of the jurisdiction of the court below, a question which is collateral to and separate and distinct from the subject of the litigation and does not affect the answering defendants. There is no reason why a review of the order should have to await the outcome of the trial of this suit in the court below as to the answering defendants, and every reason why it should not. There should be but one trial of this case upon its merits as to all defendants.

Since the submission of this appeal, a motion has been filed by the appellant for an order of this court directing that this suit and that of Thompson v. Terminal Shares, Inc., be consolidated for trial in the court below. This court cannot entertain such a motion. The question of the consolidation of these suits for trial is one for the lower court to determine. Turner v. Standard Ice & Fuel Co. (C.C. A. 8) 292 F. 38, 40; United Mine Workers v. Coronado Co., 259 U.S. 344, 382, 42 S.Ct. 570, 573, 66 L.Ed. 975, 27 A.L.R. 762; Lewis v. Baltimore & L. R. Co. (C.C.A. 4) 62 F. 218, 221.

The order appealed from is reversed.