## SIEGMUND v. GENERAL COMMODITIES CORPORATION, Limited.

### No. 12068.

United States Court of Appeals Ninth Circuit.

June 28, 1949.

James L. DeSouza, John F. Sullivan, Phoenix, Arizona, for appellant.

Rawlins, Davis, Christy & Kleinman, Phoenix, Arizona, for appellees.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge:

This is an appeal from a judgment dismissing a cause against the several appellees, who were some, but not all, of the defendants below. The complaint alleged that the plaintiff, appellant here, was a citizen of Arizona; that defendant, General Commodities Corporation, one of the appellees, was a corporation organized under the laws of Hawaii; that the remaining appellees were citizens of the Territory of Hawaii.

Jurisdiction of the district court was invoked on the ground of diversity of citizenship under the Act of April 20, 1940, c. 117, 54 Stat. 143, 28 U.S.C. § 41(1),[1] later considered, which extended the diversity jurisdiction to include cases between citizens of the District of Columbia, the Territories of Alaska and Hawaii, and any state of territory. The court below held that this Act was unconstitutional and so dismissed the action as to appellees who were citizens of Hawaii.

Appellees have moved to dismiss the appeal on the ground that the order of dismissal was not a final order as required by § 128 of the Judicial Code, 28 U.S.C. § 225.[2]

A. Motion to dismiss the appeal.

We think the order of dismissal is such a final order and that this court has jurisdiction to review it in this appeal.

The complaint states two causes of action. The first is against appellee General Commodities Corporation for breach of contract. The second is against appellee General Commodities Corporation, Heen, Kai and Akana, and also against W. T.

[1] 1948 Revised Judicial Code, 28 U.S. C.A. §§ 1331, 1332.

[2] 1948 Revised Judicial Code, 28 U.S. C.A. §§ 1291–1294.

Davis and two fictitious corporations and each of them, for conspiring to deprive appellant of his rights and the payment due him under the contract sued upon in the first cause. The relief sought was a judgment against the defendants upon both a joint and a several liability.

The two fictitious corporations have not been served with process, so the fact that there is no judgment as to them will not affect appellant's right to this appeal. Bradshaw v. Miner's Bank, Cir. 7, 81 F. 902.

Appellees, although they are sued jointly and severally, and the dismissal was as to both joint and several liability, contend that the judgment dismissing the complaint as to some of the defendants is not a final order since it leaves other defendants in the court below against whom joint relief is sought. In this situation the contention is that the partial joint defendants' appeal should be dismissed and the appellant required to remain in the lower court until the question of joint liability of all is determined. In this appellees rely upon Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443, and cases following that decision. These cases hold that where a plaintiff seeks to hold multiple defendants jointly liable and the trial court dismisses the action as to some of the defendants, an appeal by the plaintiff from the judgment of dismissal will be dismissed on the ground of absence of jurisdiction in the appellate court. This because the judgment cannot be final until the case is wholly disposed of as to all defendants sought to be held jointly liable. See United States v. Girault, 11 How. 22, 32, 13 L.Ed. 587.

Without determining whether a final judgment could be entered below if only joint liability were asserted, we think that where a several liability is also asserted a final judgment may be entered as to the several liability. Here, since such a judgment of several liability is entered, we deny the motion to dismiss. See Curtis v. Connly, Cir. 1, 264 F. 650, 651 affirmed 257 U.S. 260, 42 S.Ct. 100, 66 L.Ed. 222; Thompson v. Murphy, Cir. 8, 93 F.2d 38.

## B. The Constitutionality of the Act.

Since the judgment of the court below was entered, the Supreme Court has decided the case of National Mutual Insurance Co. v. Tidewater Transfer Co., 337 U.S. ——, 69 S.Ct. 1173 (decided June 20, 1949), which reversed 4 Cir., 165 F.2d 531, on which appellees rely here.

The National Mutual case upheld the constitutionality of the Act involved here as applied to an action between a citizen of the District of Columbia and a citizen of a state. We think that decision is controlling where the action is between the citizens of a state and a citizen of the Territory of Hawaii.

Section 41(1) of Title 28 United States Code provides as follows:

"41. (Judicial Code, Section 24) Original jurisdiction. The district courts shall have original jurisdiction as follows:

"(1) United States as plaintiff; civil suits at common law or in equity.

"First. Of all suits of a civil nature * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000 and * * *

"(b) Is between citizens of different States, *or citizens of the District of Columbia, the Territory of Hawaii, or Alaska, and any State or Territory. * * *"* (Italicized part added by amendment of April 20, 1940.)

The reasons assigned by the two groups of Justices who concurred in the result are as applicable to cases involving citizens of territories as they are to cases in which citizens of the District of Columbia are parties.

The opinion of Mr. Justice Jackson, concurred in by Mr. Justice Black and Mr. Justice Burton, states [69 S.Ct. 1182]:

"We conclude that where Congress in the exercise of its powers under Art. I finds it necessary to provide those on whom its power is exerted with access to some kind of court or tribunal for determination of controversies, that are within the traditional concept of the justiciable, it may open the regular federal courts to them regardless of lack of diversity of citizenship. The

basis of the holdings we have discussed is that when Congress deems that for such purposes it owes a forum to claimants and trustees, it may execute its power in this manner. The Congress, with equal justification, apparently considers that it also owes such a forum to the residents of the District of Columbia in execution of its power and duty under the same Article. We do not see how the one could be sustained and the other denied.

"We therefore hold that Congress may exert its power to govern the District of Columbia by imposing the judicial function of adjudicating justiciable controversies on the regular federal courts which under the Constitution it has the power to ordain and establish and which it may invest with jurisdiction and from which it may withhold jurisdiction 'in the exact degrees and character which to Congress may seem proper for the public good.' Lockerty v. Phillips, 319 U.S. 182, 187, 63 S.Ct. 1019, 1022, 87 L.Ed. 1339."

■ The power of Congress to legislate for the territories, while not as expressly stated as the power over the District of Columbia, Const. Art. I, § 8, has nevertheless been held to be plenary. It was early said that "The power of governing and of legislating for a territory is the inevitable consequence of the right to acquire and to hold territory. Could this proposition be contested, the Constitution of the United States declares that 'Congress shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States.'" Const. Art. IV, § 3. Sere v. Pitot, 6 Cranch 332, 336, 337, 3 L.Ed. 240. See also Downes v. Bidwell, 182 U.S. 244, 267, 21 S.Ct. 770, 45 L.Ed. 1088. Thus under the view expressed by Mr. Justice Jackson the act in question would be constitutional because it is a legitimate exercise of the power of Congress to legislate for the territories.

Under the view of Mr. Justice Rutledge, concurred in by Mr. Justice Murphy, the decision of Hepburn v. Ellzey, 2 Cranch 445, 2 L.Ed. 332, should be overruled on the ground that there is no basis to discriminate between citizens of the District of Columbia and citizens of states in such a matter as equal access to the federal courts. His opinion states, 69 S.Ct. 1190.

"However, nothing but naked precedent, the great age of the Hepburn ruling, and the prestige of Marshall's name, supports such a result. It is doubtful whether anyone could be found who now would write into the Constitution such an unjust and discriminatory exclusion of District citizens from the federal courts. All of the reasons of justice, convenience, and practicality which have been set forth for allowing District citizens a furtive access to federal courts, point to the conclusion that they should enter freely and fully as other citizens and even aliens do."

And at page 1195,

" * * * Reasonable men may differ perhaps over whether or, more appropriately, to what extent citizens of the District should have political status and equality with their fellow citizens. But with reference to their civil rights, especially in such a matter as equal access to the federal courts, none now can be found to defend discrimination against them save strictly on the ground of precedent.

"I cannot believe that the Framers intended to impose so purposeless and indefensible a discrimination, although they may have been guilty of understandable oversight in not providing explicitly against it. * * *"

In Corporation of New Orleans v. Winter, 1 Wheat. 91, 4 L.Ed. 44, on the authority of the Hepburn case the judiciary act was construed to exclude citizens of the territories from the purview of the diversity clause. Mr. Chief Justice Marshall, speaking for the Court, said 1 Wheat. at page 94, 4 L.Ed. 44, "It has been attempted to distinguish a territory from the District of Columbia; but the court is of the opinion that this distinction cannot be maintained." We agree that the distinction cannot be maintained for the purposes of construing Article III, § 2, of the Constitution.

The Judgment is reversed and the case remanded to the district court for further proceedings.

STEPHENS, Circuit Judge, did not participate in the decision of this case.