**MINNESOTA MIN. & MFG. CO.**

v.

**TECHNICAL TAPE CORP. et al.**

**No. 10973.**

United States Court of Appeals
Seventh Circuit.

Nov. 23, 1953.

George I. Haight, John W. Hoefeldt, Chicago, Ill., Harold J. Kinney, St. Paul, Minn., for appellant.

Harry G. Fins, Samuel W. Kipnis, Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

On September 11, 1952, the plaintiff, Minnesota Mining & Manufacturing Company, filed a complaint for patent infringement against four defendants, namely, (1) Technical Tape Corporation, a corporation of the State of New York (sometimes referred to as the New York corporation); (2) Technical Tape of Illinois, Inc., a corporation of the State of Illinois; (3) Floyd R. Warner, and (4) B. Franklin Collins. On November 28, 1952, the three defendants lastly named filed their answer, and the cause stands at issue and is now pending in the District Court as to the plaintiff and the said three defendants. The Marshal's return of service of summons and complaint upon the New York corporation

is as follows: "Served this writ together with copy of complaint on the within named Technical Tape Corp. of the State of New York, a corporation, by delivering copies thereof to Miss R. Ray, clerk and agent of said corporation, this 18th day of Sept. A. D. 1952. The president of said corporation not found in my district."

On December 10, 1952, the New York corporation by its attorney, on a special and limited appearance, filed in the cause a motion to quash service of process because of the insufficiency thereof and to dismiss it as a party defendant because of improper venue. On July 20, 1953, the District Court, in response to said motion, entered an order which stated:

" * * * The contention of said defendant that service upon 'Mrs. R. Ray, Clerk' was improper and that it did not give the Court jurisdiction of said defendant considered and sustained; therefore, it is

"Ordered that service of process upon 'Mrs. R. Ray, Clerk' be and it is hereby quashed."

No order as to dismissal was entered. On July 27, 1953, the plaintiff caused a copy of the summons and complaint to be served upon Floyd R. Warner, purportedly as manager and agent of the New York corporation, and the Marshal's return shows service accordingly.

On August 19, 1953, plaintiff filed a notice of appeal from the order entered July 20, 1953, quashing service of process as to the New York corporation. The appeal was docketed in this court on September 28, 1953. Subsequently, the New York corporation filed a motion to dismiss the appeal on the ground that the order appealed from is not final and, therefore, not an appealable order. A similar motion has been filed by defendants Technical Tape of Illinois, Inc., Floyd R. Warner and B. Franklin Collins. If the order is not appealable, we obviously are without jurisdiction and, under Rule 13(b) of this court, a decision should be made on the motion to dismiss at this time.

It is suggested that the order quashing service of process is not final because it was not followed by an order dismissing the complaint as to the New York corporation. Obviously, the New York corporation is still in court because it was subsequently served by alias summons. Plaintiff, however, on this point relies upon Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372, wherein it was held that an order quashing summons in an action against a foreign corporation upon the ground that the defendant was not found in the state, was in effect a final judgment. Whether the rationale of that case is applicable here we think is open to question and need not be decided. This is so because in any event the motion to dismiss must be allowed for another reason, subsequently stated.

■ Plaintiff does not dispute the well established rule that an order quashing service of process and dismissing the suit as to one of a number of defendants whose liability is joint only is not final and appealable. See Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 433, Markham v. Kasper, 7 Cir., 152 F.2d 270, and Hunteman v. New Orleans Public Service, 5 Cir., 119 F.2d 465. Plaintiff contends, however, that this rule is without application to the instant situation because defendants were charged in some counts of the complaint with several liability, although it is conceded, as it must be, that paragraph 9 charged each and all of the defendants jointly. In support of this asserted distinction, plaintiff relies upon Thompson v. Murphy, 8 Cir., 93 F.2d 38; Siegmund v. General Commodities Corp., 175 F.2d 952, and Republic of China v. American Express Co., 2 Cir., 190 F.2d 334.

The Thompson case, so strongly relied upon, indicates that there was no charge of joint liability and that the rights of the parties affected by the dismissal were completely determined thereby. Any doubt on this score is removed by a later opinion of the same court in Moss v. Kansas City Life Ins. Co., 8 Cir.,

96 F.2d 108, 111 (footnote), wherein the court stated:

> "Thompson v. Murphy [8 Cir.], 93 F.2d 38, we think is not to the contrary since in that case no joint liability was asserted and the orders appealed from completely determined the rights in the suit of the parties appealing as to a separable matter."

Neither is there anything in the Republic of China case which supports plaintiff's theory. In fact, the court appears to have recognized the finality of an order of dismissal as to one of several parties only where there is no charge of joint liability. The court stated, 190 F. 2d at page 336:

> "Where 'jointness,' in some form, is absent, the test in multiple party cases is whether the order terminates the suit 'as a severable matter,' or a 'distinct matter,' with respect to the party dismissed."

And the court on the same page (footnote) stated a test for the determination as to when an action is joint:

> " 'Jointness' is present where one of the parties is secondarily or derivatively liable, [citing cases] or where the asserted liabilities of the defendants, one of whom is dismissed, are very closely interrelated * * *."

The third case relied upon by plaintiff, Siegmund v. General Commodities Corp., 9 Cir., 175 F.2d 952, 953, appears to support its position. The court stated:

> "Without determining whether a final judgment could be entered below if only joint liability were asserted [all the cases, so far as we are aware, hold to the contrary], we think that where a several liability is also asserted a final judgment may be entered as to the several liability. Here, since such a judgment of several liability is entered, we deny the motion to dismiss."

Two cases are cited in support of the statement lastly quoted, one of which is Thompson v. Murphy, 8 Cir., 93 F.2d 38, which as we have shown, furnishes doubtful if any support. At any rate, we do not agree with the holding in the Siegmund case as we understand it.

The reason and logic underlying the cases which hold that dismissal of a party defendant where joint liability is charged, is not altered by the mere fact that such defendant is also severally charged. In either event the case continues undisposed of and will so continue until there has been a dismissal of the remaining defendants or until their rights have been adjudicated. It is, therefore, our view that the addition of a charge of several liability does not permit the application of a rule different than if such defendant had only been charged jointly.

Having reached the conclusion that the order appealed from is interlocutory and not final, it follows that this court is without jurisdiction. The motion to dismiss the appeal is allowed.