Harry **BRANDT, d/b/a University City House of Liquors, et al.,** Appellants,

v.

**RENFIELD IMPORTERS, Ltd.,**

Appellee.

No. 15087.

United States Court of Appeals, Eighth Circuit.

Nov. 3, 1954.

Irving M. Malnik, St. Louis, Mo. (Mortimer A. Rosecan, J. L. London, St. Louis, Mo., on the brief), for appellants.

Richmond C. Coburn, St. Louis, Mo. (Coburn, Storckman & Croft, St. Louis, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellants, thirty-five in number, against the appellee and twenty-eight others as defendants based upon certain provisions of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, the Clayton Act, 15 U.S.C.A. § 12 et seq., and the Robinson-Patman Act, 15 U.S.C.A. § 13c, charging defendants with conspiracy to monopolize in restraint of trade and seeking to enjoin defendants from continuing their conspiracy to monopolize in restraint of trade and to recover treble damages. Plaintiffs are independent owners of retail liquor stores engaged in retailing liquors to the general public in St. Louis, Missouri, and vicinity while the defend-

ants are either distillers, distributors or retailers of liquor. It was alleged that the acts of the defendants were such as to create a monopoly in the liquor retail business, that they are engaged in a combination and conspiracy in restraint of trade and commerce and that they have conspired to monopolize and have monopolized the trade and commerce in said retail liquors and distribution thereof in St. Louis, Missouri, and vicinity. The complaint contained allegations as to the damages resulting to the plaintiffs, alleged grounds for equitable relief and among other things asked for judgment for $9,037,500.00 damages and for a permanent injunction enjoining defendants from continuing the alleged violations of the Acts.

Renfield Importers, Ltd., the appellee herein, is a corporation organized under the laws of the State of New York where it maintains its principal place of business. It was served by process in the action by the United States Marshal for the Southern District of New York in the State of New York.

Appearing by counsel for the purpose of challenging the jurisdiction of the court it moved to quash the service of process upon it upon the grounds that it was not an inhabitant of the judicial district in which the cause was commenced, could not be found in the district and at the time of the commencement of the cause of action was not transacting any business nor was it transacting any substantial business in the judicial district. On proofs adduced the court sustained the motion to quash the service of process and dismissed the action as to appellee only. From this order plaintiffs have appealed alleging error in the finding of the court that the appellee was not transacting any business in the State of Missouri at or prior to the time it was served with process in the State of New York.

At the very outset we are confronted with a motion interposed by appellee to dismiss the appeal. The basis of this motion is that the order appealed from is not an appealable order in that it does not undertake to dispose of the cause as to all of the defendants who are jointly charged.

Plaintiffs charge the defendants with a conspiracy to create a monopoly in violation of the anti-trust laws of the United States. They seek to recover a money judgment against all of the defendants thereby seeking to charge them jointly. It is true the complaint contains allegations that not only joint but several liability is sought. Only one of the twenty-nine defendants was discharged and the action as to all the other defendants remains undetermined and unaffected by the dismissal as to the one defendant. The dismissal did not determine a separable liability of the appellee. Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides as follows:

"Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

The trial court did not make "an express determination that there is no just reason for delay" or "an express direction for the entry of judgment." In these circumstances we are of the view that the order was not an appealable one. Standley v. Roberts, 8 Cir., 59 F. 836; Thompson v. Murphy, 8 Cir., 93 F.2d 38; Moss v. Kansas City Life Ins. Co., 8 Cir., 96 F.2d 108; Lockwood v. Hercules Powder Co., 8 Cir., 172 F.2d 775. In Standley v. Roberts, supra, the

rule with reference to the appealability of an order of this character was stated as follows [59 F. 839]:

"An order, judgment, or decree which leaves the rights of the parties to the suit affected by it undetermined—one which does not substantially and completely determine the rights of the parties affected by it in that suit—is not reviewable here until a final decision is rendered, nor is an order retaining or dismissing parties defendant, who are charged to be jointly liable to the complainant in the suit, appealable. U. S. v. Girault, 11 How. 22, 32 [13 L.Ed. 587]; Hohorst v. Packet Co., 148 U.S. 262, 263, 13 S.Ct. 590 [37 L.Ed. 443]. But a final decision which completely determines the rights, in the suit in which it is rendered, of some of the parties who are not claimed to be jointly liable with those against whom the suit is retained, and a final decision which completely determines a collateral matter distinct from the general subject of litigation, and finally settles that controversy, is subject to review in this court by appeal or writ of error."

This decision was quoted with approval in Thompson v. Murphy, supra, and the rule there announced has been consistently followed by this court in its subsequent decisions. The case of Moss v. Kansas City Life Ins. Co., supra, presented the question of the appealability of an order which like the one here involved quashed the service of process and dismissed the cause as to one defendant. In the course of the opinion by Judge Stone it is among other things said [96 F.2d 110]:

"Considering the rules announced in the above cases, it would seem that the application of the above rule announced in the Rosenberg [Rosenberg Bros. & Co. Inc., v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372], Pesaro [The Pesaro, 255 U.S. 216; 41 S.Ct. 308, 65 L.Ed. 592] and Goldey [Goldey v.

Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517] Cases should be limited to cases in which the void service of process attaches to all of the defendants. So construed, the rule is harmonious with the broad general rule that for an order, decree, or judgment to be final for appeal purposes such must completely dispose of the action."

The case of Lockwood v. Hercules Powder Co., supra, was decided by this court after the revision of Rule 54(b), Federal Rules of Civil Procedure, became effective. In referring to the order appealed from in that case it is noted that the order did not expressly direct the entry of a final judgment and we held, absent such direction that the order was not appealable. The holding of this court, we think, is sustained by the weight of current authority. Garbose v. George A. Giles Co., 1 Cir., 183 F.2d 513; Robinson Brothers & Co. Inc. v. Tygart Steel Products Co., 3 Cir., 184 F.2d 534; Boston Medical Supply Co. v. Lea & Febiger, 1 Cir., 195 F.2d 853; Bendix Aviation Corp. v. Glass, 3 Cir., 195 F.2d 267; Farmer v. Powers, 5 Cir., 204 F.2d 509; Minnesota Min. & Mfg. Co. v. Technical Tape Corp., 7 Cir., 208 F.2d 159, 161.

It is earnestly urged by appellants that the order is appealable because appellants asserted not only a joint liability but a several liability. The same argument was urged before the Court of Appeals for the Seventh Circuit in Minnesota Min. & Mfg. Co. v. Technical Tape Corp., supra, and was decided adversely to the contention now made by appellants in this case. It is there said:

"The reason and logic underlying the cases which hold that dismissal of a party defendant where joint liability is charged, is not altered by the mere fact that such defendant is also severally charged. In either event the case continues undisposed of and will so continue until there has been a dismissal of the remaining defendants or until their rights have been adjudicated. It is, there-

fore, our view that the addition of a charge of several liability does not permit the application of a rule different than if such defendant had only been charged jointly."

We are in accord with this pronouncement by the Court of Appeals for the Seventh Circuit.

It follows that the motion to dismiss the appeal must be sustained.