**GREENE v. TEFFETELLER et al.**
(two cases)

Civ. Nos. 1291, 1292.

United States District Court
E. D. Tennessee, N. D.

May 20, 1950.

Jackson Kramer and R. R. Kramer, Knoxville, Tenn., for plaintiffs.

J. C. Gamble, Maryville, Tenn., attorney for defendants F. A. Greene & wife, Ruth Greene.

Clyde W. Key, Knoxville, Tenn., attorney for defendants H. E. Teffeteller and Ernest Teffeteller.

ROBERT L. TAYLOR, District Judge.

These cases, argued together, are before the Court on motions to dismiss for lack of jurisdiction, for the reason that diversity of citizenship within the constitutional meaning is lacking. Plaintiffs are residents and citizens of the District of Columbia, while the defendants are residents and citizens of the State of Tennessee.

Section 1332 of Title 28 U.S.C.A., provides:

"(a) The district courts shall have original jurisdiction of all civil actions * * * between:

"1. Citizens of different States;
"* * *

"(b) The word 'States', as used in this section, includes * * * the District of Columbia."

Constitutionality of subsection (b) of the quoted Act is put in issue by defendants' motions. Both parties have relied on National Mutual Insurance Co. v. Tidewater Transfer Co., Inc., 337 U.S. 582, 69 S.Ct. 1173, 1174, where the divergent reasoning employed by the justices in sustaining the constitutionality of the 1940 jurisdictional Act, 28 U.S.C.A. § 41(1) (b), provides support, apparently at least, for the divergent positions taken here.

The Act of 1940 provided:

"The district courts shall have original jurisdiction as follows: * * *

"First. Of all suits of a civil nature, * * * between citizens of different States,

388

or citizens of the District of Columbia, * . * * and any State * * *."

Of the five justices who upheld the constitutionality of the Act of 1940, three placed their decision on the theory that under Article I of the Constitution Congress in legislating for citizens of the District of Columbia had authority to open to them the federal courts outside the District. The other two justices placed their decision on the theory that under Article III of the Constitution Congress had authority to make the outside federal courts available to citizens of the District by classifying the District with the States for that limited purpose. Each of the two groups of justices rejected the theory of the other, and the four dissenting justices rejected both theories, the result being that constitutionality of the 1940 Act was upheld without the support of any controlling reason. The conclusion to be drawn from that result is that precedent is established by the votes of the justices, not by the reasons given for their votes.

As the Act of 1940, 28 U.S.C.A. § 41(1) (b), was repealed by the Act of 1948, 28 U.S.C.A. § 1332(a) (1), (b), the question is whether the constitutional question has been reopened. The Court is of the opinion that it has not.

In his opinion in the Tidewater case, concurred in by Justices Black and Burton, Justice Jackson said that the earlier jurisdictional statute "in substance, was reenacted by a later Congress as part of the Judicial Code." The foot note to the quoted statement cites 28 U.S.C.A. § 1332, which is the statute presently under consideration. Although that comment had no bearing on the court's decision in the Tidewater case, the observation that the two acts are substantially the same is significant not only because of its source, but also because of its forecast of results when constitutionality of the present statute is put in issue.

If there is a difference in legal import between the pertinent language of the 1940 Act and that of the 1948 Act, the difference would, indeed, seem to be insubstantial. In both instances Congress undertook to confer jurisdiction on the District Courts of suits between citizens of the District of Columbia and citizens of the States. In the 1948 Act Congress followed the definition method by saying that the word "States" as there used includes the District of Columbia. In the 1940 Act it had spelled out the inclusion. If Congress has authority under Article I or Article III, or both, to make the federal courts available to citizens of the District of Columbia, it ought not to be bound by any razor-edge distinctions in a choice of the words employed to make its authority effective.

The Court holds that sec. 1332 is constitutional.

Defendants' motions should, therefore, be overruled. Let orders be prepared accordingly.