ROGERS, J.,
concurring. I concur in the majority opinion.
CONCURRENCE
I write separately to explain why Justice Thomas’s concurrence in Town of Greece, *520 however compelling it may be, does not constitute binding precedent for us in this case,
The general rule of both horizontal and vertical stare decisis is that holdings of the same court, and of a higher court (to which the parties can appeal), not overruled or superseded by later such holdings, constitute binding precedent.' Horizontal stare decisis protects the fundamental interest of deciding like cases alike (basic fairness), and the interest of having people know what the law is (notice). Vertical stare decisis in a pyramidal court system, in addition, obviates the need for repeated appeals. A lower federal court should decide the same way as an unsuperseded holding of the U.S. Supreme Court, assuming that the facts are not materially distinguishable, In particular, when there is argument as to. whether facts are materially distinguishable, we look to the reasoning of the majority Justices to see what facts and reasoning led to the majority holding.
This is straightforward when five or more members of the Supreme Court agree on the reasoning for the holding. As a matter of long-standing, deeply accepted practice, we do not treat holdings as less binding when the majority members of the precedent-setting Court have been replaced. We assume for stare decisis purposes that the same Justices are still there.
The above analysis also applies quite simply in the case of split majority opinions. To the extent that facts are not materially distinguishable, and the case has not been overruled or superseded, we should reach the same result that the precedent Court would have necessarily reached, to the extent that we can do so, by looking one-by-one at the controlling rationale of each of the various opinions that make up the precedent majority. This serves directly the underlying purposes of horizontal and vertical stare decisis.
The following conclusion of Judge Kava-naugh states with striking . elegance the rule that fundamentally serves these purposes:
Even though it is- often not possible to identify a “common rationale” in the multiple opinions from a splintered decision, lower courts can still reach a result consistent with the opinions of a majority of the Supreme Court. They can do so by following the opinion that would lead to an outcome that a majority of the Supreme Court in the governing precedent would have reached if confronted with the current case,
United States v. Duvall, 740 F.3d 604, 613 (D.C. Cir. 2013) (Kavanaugh, J., concurring).[1]
This test has the incidental advantage of not foisting a strange meta-analysis on lower courts to determine which of two Supreme Court positions is,.for instance, more or less “doctrinally far-reaching.” See United States v. Cundiff, 555 F.3d 200, 209 (6th Cir. 2009). All the lower court has to do is run its analysis using the various opinions in the split, decision, and then see whether now holding the same way as the *521 split precedent majority, would have obtained five votes of that majority.
The test is also' consistent with the Marks narrowest-grounds rubric. Marks, like this case, was one in’ which multiple opinions were “linear” or “nested,” See King v. Palmer, 950 F.2d 771, 781 (D.C. Cir. 1991). A “linear”-'or'“nested” set of rulings is one in which any ruling in the same direction as the majority, under one of the opinions constituting the majority, would logically require the judges of the other decision to rule the same way. See id.; see also Duvall, 740 F.3d at 610 (Kavanaugh, J., concurring). It is in that Context that the controlling opinion is “narrower”: the future cases that it would control' comprise a smaller set than the set of cases that would be controlled by the other. As Judge Kavanaugh noted, in such linear cases the opinion “that occupies the middle ground” between the “broader opinion supporting the judgment” and the disseint will normally be controlling. Duvall, 740 F.3d at 610 (Kavanaugh, J., concurring). The' “middle' ground” in Town, of Greece with respect to coercion is clearly Justice Kennedy’s opinion.
The test also avoids an anomaly like the one that would result if, for instance, we were to hold that Justice Thomas’s opinion was controlling precedent in this case. In a future case, we would have to hold that religious practices that seven Town of Greece Justices would clearly find unconstitutional were nonetheless constitutional because of the views of only two Justices. Such an anomalous result would be inconsistent with fundamental principles of stare decisis.

. In defense of just this test, an obscure legal academic explained twenty years ago that this is what federal courts actually do. Rogers, “Issue Voting" by Multimember Appellate Courts, 49 VAND. L. REV. 997, 1007-09 (1996) (citing Siegmund v. General Commodities Corp., 175 F.2d 952 (9th Cir. 1949) (applying National Mutual Ins. Co. v. Tidewater Transfer Co., 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556 (1949)); Detres v. Lions Building Corp., 234 F.2d 596 (7th Cir. 1956) (applying Tidewater); Banco Nacional de Cuba v. Chase Manhattan Bank, 658 F.2d 875 (2d Cir. 1981) (applying First National City Bank v. Banco Nacional de Cuba, 406 U.S. 759, 92 S.Ct. 1808, 32 L.Ed.2d 466 (1972)); Greene v. Teffeteller, 90 F.Supp. 387 (E.D. Tenn. 1950) (applying Tidewater)).